WILLIAM RICE, Appellant, *v.* THE ROCK ISLAND AND ALTON RAILROAD COMPANY, Appellee.

APPEAL FROM MORGAN.

In an action by a railroad company against a stockholder for instalments upon his subscription for stock, he ought not to be permitted, in a collateral way, to question the regularity of the organization of the company.

It is no defense to such an action, that the company has accepted an amendment to its charter after the defendant had subscribed for the stock, authorizing it to extend its road, and otherwise to assume new and increased responsibilities.

THIS was an action of assumpsit, by the Rock Island and Alton Railroad Company against the appellant, Rice, for instalments upon his subscription for stock.

The declaration contains three counts—the first and third special, averring the organization of the company and an order by the directors for payment of the instalments; the second, the common indebitatus count.

Neither count contains any averment that the $500,000 required by the charter, had been subscribed *before the organization of the company*, nor is there any averment that the three million dollars, which, by the charter, constitutes the capital of the company, had been subscribed when the directors ordered payment of the instalments sued for.

The defendant, Rice, filed twelve pleas in bar.

Upon the first (non assumpsit,) and the second (nul tiel corporation,) issues were taken; to the remainder, general demurrers were filed, which were sustained by the court.

The issues upon the first and second pleas were, by agreement of counsel, tried by the court, and judgment rendered against Rice for the instalments.

The defendant appealed to this court, and by his assignment of errors calls in question the judgment of the Circuit Court in sustaining the demurrers to his 7th, 8th, 9th, 10th, 11th and 12th pleas.

The 7th plea alleges that three millions of dollars of the stock of the Rock Island and Alton Railroad Company had not been subscribed when the order was made by the directors, requiring payment of the instalments sued for.

The 8th plea alleges that five hundred thousand dollars of the stock of the company had not been subscribed when the company was organized, and that defendant, Rice, was not present at, nor did he in any way participate in the organization.

The 9th alleges that the commissioners mentioned in the first section of the charter did not call a meeting of the stockholders of the company for the organization of the same, by giving thirty days' notice, in the manner required by section 7th of the charter ; and that defendant, Rice, was not present at, and did not participate in any way in the meeting held when the pretended organization was effected.

The 10th alleges that the directors of the company have, since the defendant's subscription for stock, and without the assent of defendant, extended the line of their railroad from Whitehall, in the county of Greene, in the State of Illinois, to parts far distant and beyond, and in the direction of Illinoistown, in said State, and have caused surveys of said extended route to be made, and said extended route, in part, to be located, and portions thereof to be let out by contract for work thereon, with the view of making a permanent extension of said railroad beyond Whitehall aforesaid, to parts far distant ; and avers that the directors have not made any reasonable effort to effect an arrangement for the running of cars from Whitehall, aforesaid, to Illinoistown, aforesaid, with the railroad company heretofore authorized to construct a railroad between said places.

The 11th alleges that since defendant's subscription, the charter of the company has been amended by the act of 14th February, 1857, (made a part of the plea,) which has been accepted by the directors, and by which amendment new and increased hazards, risks and responsibilities have been imposed upon the subscribers for stock, and different enterprises authorized, from the one set forth in the original charter under which defendant's subscription was made ; and defendant avers that he neither applied for said amendment of the charter, nor has he in any wise accepted or assented to the same.

Rice *v.* Rock Island and Alton Railroad Co.

The 12th alleges that when the organization of the company was effected, five hundred thousand dollars of stock in the company had not been subscribed, and that for the purpose of supplying the deficiency and effecting the organization upon subscriptions to the aforesaid amount, the stockholders assembled for the purpose of effecting the organization, *previous to the organization* created false and spurious subscriptions for stock in the company to the amount of the deficiency, to wit: the amount of many thousand dollars, and falsely reported and acted upon, and received votes for the same as genuine, at said organization, and effected the organization thereon, the said stockholders then and there well knowing that a great part of the five hundred thousand dollars in subscriptions, was falsely made up as aforesaid; and avers that defendant was no party to said fictitious subscriptions, and in no way assented to them or to the organization of the company thereon.

H. B. McClure and D. A. & T. W. Smith, for Appellant.

Knapp & Case, H. E. Dummer, and J. Grimshaw, for Appellee.

Caton, C. J. All the questions in this case have been lately decided by this court, and we do not deem it again necessary to elaborate them.

The party ought not to be permitted in this collateral way to question the regularity of the organization of the company. If it has assumed to exercise corporate functions before it had a right by law to do so—if it has usurped franchises not granted by the statute, that should be more properly inquired into by a direct proceeding to seize the franchises to the people and dissolve the corporation. If in every suit which the company may bring to enforce its rights, it must come prepared, over and over again, to show that its organization was formal and proper, it would lead to embarrassments and inconveniencies the most intolerable. But be this as it may—granting that the company was prematurely organized before the half million of stock had been subscribed, and that it was competent for the defendant to plead that fact in bar of the action, that was cured by the amendment to the charter of the company after its organization, by the act of the 14th February, 1857, which is declared to be a public act, of which the courts must take notice. *Illinois River Railroad Company* v. *Zimmer*, 20 Ill. R. 654. That case, as well as *Sprague's Case*, 19 Ill. R. 143, settles, in principle, the objection which is made, that by the amended charter they are authorized to extend the road to Illinoistown, in a certain con-

tingency. Such extension may be indispensable, to make the balance of the investment of any value. Enough has been said in former cases, on this subject.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*