## Holmes and others *vs.* Gilliland and others.

A statute of another state, under which the plaintiffs claimed to have been incorporated, declared that persons associating under articles of agreement according to the statute, and who should *comply with all the provisions* thereof, should constitute a body politic and corporate.   It then provided that before any corporation so formed should commence business, the officers should cause the articles to be published in two newspapers, &c.   *Held,* that a corporation might be such for all the purposes of bringing an action, without publication.   Sutherland, J. dissented.

*Held, also,* that general reputation that the plaintiffs were conducting business as a corporation, coupled with the fact that the note sued on was payable to them, was sufficient evidence of the existence of the corporation to prevent a dismissal of the complaint, for want of proof of publication of the articles.

APPEAL from a judgment ordered at the circuit, dismissing the complaint.   The action was brought by the plaintiffs, claiming to be a corporation incorporated under the laws of the state of Connecticut, upon a promissory note

made by the defendants, payable to the corporation. The plaintiffs proved, on the trial, that they had complied with all the provisions of the statute of Connecticut relative to the formation of corporations, except the one requiring any corporation formed under the statute to publish its articles of association in two newspapers, before commencing business. No proof being given or offered, showing such a publication, the court dismissed the complaint; holding that proof of publication was necessary, in order to show that the plaintiffs were a corporation.

*Mr. Birney,* for the plaintiffs.

*L. Birdseye,* for the defendants.

Leonard, J. The defense is purely technical. The publication is not, by the statute, a portion of the proceedings for the formation of a corporation. The publication must be made before the corporation commences business. It may be a corporation for all the purposes of bringing an action without publication. If the publication be omitted, the corporation might be restrained or wound up; but it would not enable a debtor to escape payment.

General reputation is sufficient evidence of user, *prima facie.* General reputation that the plaintiffs were conducting business as a corporation, coupled with the fact that the note mentioned in the complaint is payable to the plaintiffs, was sufficient evidence of the existence of the corporation to prevent a dismissal of the complaint.

I think also it was competent for the legislature of Connecticut to declare what should be sufficient *prima facie* evidence of the formation of a corporation. (2 *Bosw.* 166.)

The judgment should be reversed, and a new trial ordered; costs to abide the event.

Clerke, J. concurred.

SUTHERLAND, J. (dissenting.) Whether the plaintiffs were in fact a corporation depended upon the laws of Connecticut; upon whether the plaintiffs, in undertaking to organize as a corporation under the statute of Connecticut, had complied with the requirements of the statute. But on the trial of this action, it was for the court to pass upon the competency and sufficiency of the evidence given and offered to show that the plaintiffs had complied with the requirements of the Connecticut statute, and were a corporation, under laws or rules of evidence in force in this state.

The legislature of Connecticut cannot make a rule of evidence for the courts of New York.

No question is made but that the plaintiffs did by competent and sufficient evidence show that they had complied with all the provisions of the Connecticut statute, except the provision requiring any corporation formed under the statute to publish the articles of association in two newspapers, before it shall commence business. No competent or proper evidence was given, or offered, to show such publication, and therefore the court dismissed the complaint.

. The question is, then, was it necessary for the plaintiffs to prove this publication, to show that they were a corporation. Though the question may not be free from doubt or difficulty, yet upon the whole I think the proof was necessary.

The express words of the 196th section of the Connecticut statute are, "Any number of persons, not less than three, who, by articles of agreement in writing, have associated, or shall asssociate, according to the provisions of this chapter, &c. and who *shall comply with all the provisions of this chapter*, shall, with their successors and assignee, constitute a body politic and corporate," &c. Now the first provision of section 210 is, " Before any corporation formed and established by virtue of the provisions of this chapter shall commence business, the president and directors thereof shall cause their articles of association to be published at full

length, in two newspapers published in the county in which such corporation is located, or in any adjoining county;" and the section then proceeds, "and shall *also* make a certificate of the purposes for which such corporation is formed, the amount of their capital stock," &c. &c.

Looking then at the provisions of the statute which have been referred to, how can it be said that the publication of the articles of association was not as necessary as the making of them, or as any other requirement of the statute, for the formation or creation of the corporation? The 196th section, in words, requires *all* the provisions to be complied with.

The Connecticut act of 1854, making a certified copy, by the secretary of state, of the certificate of the president and directors, deposited in his office, *prima facie* evidence, cannot be regarded here as a law or rule of evidence. If it could be viewed as a legislative construction, as to the requirements of the statute under which the plaintiffs claim to be a corporation, great weight should be given to it; but I do not think it can be regarded in that light.

I think the judgment should be affirmed with costs.

New trial granted.

[NEW YORK GENERAL TERM, March 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]