HARROD vs. HAMER and another, impleaded, etc.

CORPORATIONS: (1) *Filing of certificate not a condition precedent to corporate existence.* (2, 3) *Liability of stockholders.*

1. Under ch. 73, R. S., "Of Joint Stock Companies," the making of a certificate and depositing it with the secretary of state, and a duplicate with the town, city or village clerk, as required by sec. 17, is not a condition precedent to the *corporate existence* of the company; but the statute merely prohibits it from *doing business* until the certificate is so made out and deposited.

2. Where such an association has complied with all the provisions of the statute except those relating to the deposit of such certificate, the stockholders are not liable jointly and severally for its debts, as though it were unincorporated; but, in addition to the action against the president and directors (authorized in such cases by sec. 28 of said chapter), the creditor will have the remedy indicated in *Adler v. Mil. Patent Brick Man. Co.,* 13 Wis., 57.

3. One who seeks to hold the stockholders to a joint and several liability *under the provisions of sec.* 25 of said chapter, must show not only that his demand is for "work and labor performed" for the corpora-

tion, but that the work was done by him as a " laborer, servant or apprentice" of said corporation, and "within six months next preceding the demand made" for payment.

APPEAL from the Circuit Court for *Outagamie* County.

Section 17, chapter 73 of the Revised Statutes, entitled " Of Joint Stock Companies," provides that before any corporation, organized thereunder, shall commence business, the president and directors shall cause the articles of association to be published in the papers, make a certificate of the purposes for which the corporation is formed, the amount of capital stock, the amount actually paid in, the names of the shareholders, the number of shares by each respectively owned, and deposit the same with the secretary of state, and a duplicate with the clerk of the town, city or village where the business is to be carried on. Section 25 of the same chapter provides as follows : " The stockholders of any corporation organized under the provisions of this chapter shall be jointly and severally liable for all debts that may be due or owing to all their laborers, servants and apprentices, for service performed by them for such corporation within six months preceding the demand made for any such debt," etc.

*Harrod* brought his action against the defendants, who were stockholders in the Appleton Manufacturing Company, incorporated under chapter 73, R. S., to hold them liable individually for an indebtedness against the company. Plaintiff was the owner of a planing mill, and the indebtedness grew out of certain planing done at plaintiff's mill for the building of the factory of the corporation. Judgment had been obtained against the company for the amount due, and execution was returned unsatisfied. Plaintiff thereupon sued the defendants for the amount of such judgment and interest. It was admitted that section 17 was not complied with by the filing of the required statement until March 25, 1870, and it appeared in evidence that the company erected a building, ran a saw mill, and transacted other business, some months previous

to this date. Finding and judgment for plaintiff; from which judgment the defendants *Hamer* and *Schneider* appealed.

*George H. Myers*, for appellants, contended that section 17, chapter 73, R. S., above cited, was for the benefit of the stockholders as well as the general public; and inasmuch as it prohibits the doing of business until the company has been fully incorporated by publishing the articles, etc., and as the officers alone can do this, they alone are liable. Secs. 23, 24, same chapter. Until the officers file the certificates and publish the articles as required by the statute, their action can not bind the stockholders, who have had nothing to do with the management of the business or incurring debts. Many actions have been prosecuted against officers of such corporations for failing to file the required certificates, and the courts have held these provisions to be in the nature of penalties upon the officers for a violation of law, and have held them liable; but no one has heretofore sued the stockholders. *Boughton v. Otis*, 21 N. Y., 261; *Bird v. Hayden*, 1 Robertson, 383; *Merchants' Bank v. Bliss*, id., 391; *Bright v. Hutton*, 3 House of Lords Cases, 341, 12 Eng. L. & Eq., 1. The company being prohibited, under penalty, from doing business until the certificates were filed and the articles published, it was illegal for the officers to incur the debt, and they could not bind the stockholder. Sedgwick on Stat. & Con. Law, 84–88; *Medill v. Collier*, 16 Ohio Stat., 599; *Lawler v. Walker*, 18 Ohio, 151; *Lawler v. Burt*, 7 Ohio St., 340; *State v. How*, 1 Mich., 512; *Squires v. Brown*, 22 How. Pr. R., 35; *Eaton v. Aspinwall*, 6 Duer, 176. Even partners are not liable for the contracts of one of the members outside of the business of the firm. Parsons on Part., 100. Nor is a principal liable for the contracts of his agent, made beyond the scope of his authority. How then can parties who have subscribed articles of association to form a corporation, and who have done all that was legally in their power to that end, become copartners against their will, by the illegal acts of the corporate officers?

*Warner & Ryan*, for respondent:

1. No joint stock company can become a body politic and corporate, under chapter 73, R. S., until they have complied with all its provisions. R. S., ch. 73, sec. 2. Until all the provisions of the law have been complied with, the members are liable as partners, or severally and jointly. Laws of 1864, ch. 362; Angell & Ames on Corp., ch. 17, §§ 591, 592 ; *Wells v. Gates*, 18 Barb., 554 ; *Williams v. Bank of Michigan*, 7 Wend., 542. The principles governing a common law partnership are in general applicable to a joint stock company, whether incorporated or not, except in so far as they are modified by statute or special rules of law. *Ketchum v. Bank of Commerce*, 3 Am. Law Reg., 145 (N. Y. Superior Court, Nov., 1854). 2. A penalty imposed by the statute upon the officers of the company can not affect the liability of its shareholders already incurred as partners to third parties. 3. Ch. 362, Laws of 1864, is merely an addition to ch. 73, R. S., and establishes a new rule as to the liability of shareholders, extending their former liability, and affording additional security to creditors. This position is sustained in part by the opinion of this court in *First National Bank of Green Bay v. Goff*, 31 Wis., 77. All the New York cases, based upon a simular statute, appear to sustain this position. *Witherhead v. Allen*, 28 Barb., 661.

DIXON, C. J. The theory upon which this action is prosecuted is, that the subscribers to the articles of agreement and association did not, by the steps and proceedings taken, become or constitute a body politic and corporate, under the name assumed by them in their articles, but that they failed altogether of organizing and establishing a corporation under the provisions of the statute as they attempted and intended to do. The supposition is that no corporation was created, and hence that the subscribers, who were shareholders or owners of the supposed capital stock, became a sort of unincorporated joint stock company, or *quasi* firm or partnership, and so liable in their

individual capacity, either jointly or severally, directly to the creditors of the company or association. We are of opinion that this view of the transaction is entirely erroneous, and that a corporation was organized and set in motion with which creditors and others must deal as a corporation, and against which, and against the stockholders in which, claims and demands must be enforced as in case of other like corporate bodies.

The corporation was organized under the provisions of chapter 73 of the Revised Statutes. 1 Tay. Stats., pp. 982 to 987, §§ 1 to 29, inclusive. It is not objected or shown that any requirement of the statute was omitted or not complied with, except only that the certificate prescribed by section 17 (§ 19, Tay. Stats.) was not made and deposited with the secretary of state, and a duplicate with the town, village or city clerk, as therein directed. The only question, therefore, is, whether this failure of the president and directors to make and deposit the certificate and duplicate operated to defeat the organization or to annul the proceedings by which the corporation had been brought into existence. The very words of the section are a sufficient answer. "Before any corporation, formed and established by virtue of the provisions of this law, shall commence business, the president and directors thereof shall cause their articles of association to be published," etc., and "shall make a certificate," etc. It would not be easy by any words to recognize the existence of the corporation, without the publication and without the certificate, or before they are made, more clearly than has been done here. The corporate existence is clearly acknowledged, and intended so to be, and the prohibition is only against its commencing business until the requirements of the section are complied with. It is spoken of as a corporation formed and established by virtue of the provisions of the law, and having officers such as the law prescribes, namely, a president and board of directors, capable of acting for the corporation, and upon whom, in their official

capacity, certain duties are therein specifically imposed, and their performance commanded.

But, if anything further be needed upon this point, it will be found in the provisions of section twenty-three of the same chapter. That section reads: "If the president, directors, or secretary of *any such corporation* shall intentionally neglect or refuse to comply with the provisions of, and to perform the duties required of them respectively by, the seventeenth, eighteenth and nineteenth sections of this chapter, such of them so neglecting or refusing shall jointly and severally be liable in an action founded on this chapter, *for all debts of such corporation* contracted during the period of any such neglect and refusal." The intention that the corporation should not be affected, or its powers or existence destroyed, by reason of any failure to comply with the requirements of section seventeen, is here again very plainly manifested. It is again spoken of and treated as a corporation lawfully organized and still continuing, notwithstanding such failure. It is regarded as a corporation fully capable of contracting debts, and having officers of whom the performance of certain duties has been and still may be lawfully required. And to the like effect are the provisions of section twenty-four and perhaps others. The views here expressed are sustained by the case of *Holmes v. Gillkland*, 41 Barb., 568.

It follows from these views that the plaintiff has misconceived his remedy, and that this action cannot be maintained against the appellants as stockholders, and who hold no other relation to the corporation. The remedy of the plaintiff to enforce payment of his judgment, in addition to that given by the statute against the president and directors of the corporation, will probably be found by consulting the case of *Adler v. Mil. Pat. Brick Man. Co.*, 13 Wis., 57.

The complaint alleges that the debt for the nonpayment of which the plaintiff recovered judgment against the corporation,

accrued and became due to the plaintiff for work and labor performed by him for the corporation; but it is nevertheless not claimed that the cause of action falls within the provisions of section twenty-five of the statute, or that the plaintiff is pursuing the remedy given by that section.   It does not distinctly appear that the debt was one of the kind therein provided for, or that the plaintiff was a "laborer."   It is not shown that any demand was made, as prescribed by that section.

The judgment against the defendants *Hamer* and *Schneider*, who bring this appeal, must be reversed, with costs, and the cause remanded with direction that it be dismissed as to them.

*By the Court.*— It is so ordered.