## THE McCUNE MINING COMPANY v. W. B. ADAMS.

1. CHARTER—*Copy as Evidence.* A copy of the charter of a corporation created under the laws of this state, duly certified by the secretary of state, under the seal of the state, is evidence of the creation of such corporation.

2. CORPORATION—*Questioning Existence.* In an action by a mining company against a subscriber of stock for installments upon his subscription for stock of the corporation, such subscriber or stockholder cannot, in a collateral way, question the existence of the corporation, or the regularity of its organization.

### *Error from Crawford District Court.*

ACTION by *The McCune Mining Company* against *Adams,* to recover $95. Judgment for defendant, at the September Term, 1884. The plaintiff brings the case here. The opinion states the facts.

*Cowley & Wiswell,* for plaintiff in error.

*John T. Voss,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced by The McCune Mining Company against W. B. Adams, before a justice of the peace of Crawford county, to recover from the defendant the sum of $95, alleged to be due the plaintiff from

the defendant upon his subscription to the capital stock of that company. Judgment was given before the justice against the plaintiff and in favor of the defendant, and an appeal taken to the district court. Upon the trial, after the plaintiff had produced all its testimony, the defendant demurred thereto, which demurrer was sustained by the court. Of this complaint is made.

It appears from the briefs before us that the district court decided that no testimony was introduced upon the trial showing or tending to show that the company had any legal existence as a corporation. The specific objection to the existence of the corporation is that it was not shown that the charter was subscribed by three persons who were citizens of this state. The plaintiff introduced in evidence a copy of its charter, duly certified by the secretary of state, and supplemented this testimony with proof of the election and qualification of the directors of the company, the adoption of by-laws by the company, and other evidence tending to show that the subscribers of the charter took all the steps supposed by them necessary to complete the incorporation. Stock was subscribed, assessments upon the stock were made, and notices of such assessments given to the stockholders. The stock book of the company, offered in evidence, showed that the defendant, on January 18, 1884, subscribed for one share of the capital stock of the company and attached his signature thereto. Notices were properly directed and mailed to him of the assessments upon the stock subscribed by him.

The statute provides that "a copy of the charter, or of the record thereof, duly certified by the secretary of state, under the great seal of the state, shall be evidence of the creation of the corporation." (Comp. Laws of 1879, ch. 23, § 9.) Therefore it was unnecessary to offer any evidence showing that the subscribers to the charter were citizens of the state. In addition to this, the defendant is estopped from denying the existence of the corporation at the time he contracted with it as such. A party cannot be permitted, in a collateral way, to question the regularity of the organization of a corporation. (*Pape v.*

*Bank,* 20 Kas. 440; *Rice v. Railroad Co.,* 21 Ill. 93; *Brook-ville &c. Company v. McCarty,* 8 Ind. 392; *Baker v. Neff,* 73 id. 68.) Thompson, in his excellent work on the Liability of Stockholders, says:

"If a person, when sued by a corporation, pleads *nul tiel corporation,* the production of the certificate of incorporation which has been filed, and proof of *user,* and possibly proof of user alone, will be sufficient evidence *prima facie* of the fact that it is a corporate body in fact as well as in name. The rule extends further: A person who has contracted with a body in writing, by a corporate name, when sued upon the instrument in the same name, is estopped to deny that the payee or obligee is such a corporation." (§ 407.)

The bill of particulars so clearly states a cause of action that it is unnecessary to comment thereon. It is contended that some of the evidence admitted by the court was incompetent. The defendant has filed no cross-petition in error, and the question as to the competency of evidence admitted by the trial court is not relevant. We have examined the other questions presented, and upon a careful consideration of the same, perceive no good reason for the action of the court in sustaining the demurrer to the evidence. (*Bequillard v. Bartlett,* 19 Kas. 382; *Merket v. Smith,* 33 id. 66; *Christie v. Barnes* 33 id. 317.)

The judgment of the court below will be reversed, and the cause remanded for a new trial, and with the direction that the court overrule the demurrer to the evidence.

All the Justices concurring.