In the matter of the SHAKOPEE MANUFACTURING COMPANY, an Insolvent.

## June 13, 1887.

**Corporation—Formation—Filing of Certificate.**—The failure to file the verified certificate provided for in Gen. St. 1878, c. 34, §§ 128, 137, does not affect the lawful character of the corporation referred to in those sections.

**Insolvency—Receiver—Vacating Attachments.**—In proceedings against an insolvent debtor under Laws 1881, c. 148, § 2, the court cannot, in the order appointing a receiver, vacate prior attachments or garnishments of the debtor's property. The statute gives that effect only to the appointment and qualification of the receiver.

The insolvent was supposed to have been organized as a manufacturing corporation, under the provisions of Gen. St. 1878, c. 34, §§ 120–143, and did business as such, and incurred large indebtedness. The certificate provided for in Gen. St. 1878, c. 34, § 128, was not verified.   In all other respects the requirements of the statute were complied with.   The property of the insolvent having been attached and garnished, and no assignment having been made, certain creditors made petition to the district court for Scott county for the appointment of a receiver under the provisions of Laws 1881, c. 148. Notice of the hearing of the petition was served upon the firm of Cole & Weeks, as well as upon other creditors, who had regularly attached the property of the insolvent corporation.   It appeared that Cole & Weeks had brought an action against the incorporators of the insolvent as partners, (contending that the insolvent never became a corporation,) and had garnished property of the insolvent.   Cole & Weeks appeal from an order by *Edson*, J., appointing a receiver of the insolvent, and in terms dissolving and vacating the various attachments and garnishments by creditors, including the garnishment by Cole & Weeks in their action against the incorporators.

*George McNeir* and *Selden Bacon*, for appellants.

*George Hinds*, for respondents, the petitioning creditors.

GILFILLAN, C. J.   Appellants' objection to the order appealed from, so far as it merely appoints a receiver of the debtor's property, rests upon their proposition that the debtor is not a corporation because the certificate first required in Gen. St. 1878, c. 34, § 128, was not verified as required by section 137.   What is required to create manufacturing corporations is set forth in sections 120, 121, 122.   Section 128 provides that "before any corporation, formed and established by virtue of the provisions of this act, shall commence business, the president and directors thereof shall" do certain things; among others, file the certificate mentioned.   Section 141 imposes on the president and directors a liability for wilful neglect of the duty prescribed in sections 128 and 137: "If the president, directors, or secretary of any *such corporation*" shall, etc., they shall be liable "for all debts of *such corporation* contracted during the period of any such neglect or refusal."

Compliance with the requirements of section 137 is clearly not essential to the creation and existence of the corporation. The language clearly implies that the corporation already exists; that it has been "formed and established" before the duty imposed by it on the president and directors is to be performed. Section 141, also, not only implies that, notwithstanding the neglect of that duty by the officers, the corporation may exist, but that it may have done business and incurred debts. As the association was a legally created corporation, its stockholders cannot be treated as partners in its business, nor can its property be regarded as their property in a partnership capacity. The case of *Harrod* v. *Hamer*, 32 Wis. 162, upon a similar statute, is directly to the point.

But the order appealed from is erroneous in that part which vacates the appellants' attachment. The appointment and qualification of the receiver may have the effect to vacate prior attachments of the debtor's property. But the statute does not authorize the court, in the order appointing the receiver, to anticipate his qualifying, and give to the appointment the effect which the statute gives only to his appointment and qualification. The receiver may not qualify, and in that case the event upon which the statute declares the attachment shall be vacated does not happen. Undoubtedly, the court in which the proceeding in insolvency is commenced may restrain the attaching or garnishing creditor, so as to prevent him defeating or obstructing the effect given by the statute to the appointment and qualification of the receiver; but until the receiver qualifies it cannot hold the attachment dissolved.

The order appealed from is reversed so far as it vacates the appelants' garnishment, and affirmed as to the residue.