(No. 13291.—Appellate Court reversed; municipal court affirmed.)

THE INTER-OCEAN NEWSPAPER COMPANY, Defendant in Error, *vs.* JOHN R. ROBERTSON, Plaintiff in Error.

*Opinion filed December 21, 1920—Rehearing denied Feb. 2, 1921.*

1. CORPORATIONS—*corporation de facto exists where certificate of complete organization is not filed for record.* Where there is a valid law under which a corporation may be organized, an attempt in good faith to organize under that law, a colorable or apparent compliance with the law and a user of corporate powers, the corporation is a corporation *de facto,* notwithstanding it neglects to file for record its final certificate of complete organization.

2. SAME—*stockholders of de facto corporation are not liable as partners.* The stockholders of a *de facto* corporation who have in good faith attempted to incorporate under a valid law and have honestly transacted business as a corporation are not liable as partners to persons dealing with the *de facto* corporation, in the absence of an express statute declaring such liability. (*Loverin* v. *McLaughlin,* 161 Ill. 417, distinguished.)

CARTWRIGHT, C. J., specially concurring.
DUNCAN, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for plaintiff in error.

CLINTON A. STAFFORD, A. W. MARTIN, and EDWARD H. S. MARTIN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This action was brought in the municipal court of Chicago by defendant in error against plaintiff in error, who was an officer and stockholder in the Chicago Real Estate Show Company, doing business as a corporation. The amended claim alleged the general manager of the Chicago Real Estate Show Company contracted with the Inter-Ocean Newspaper Company to publish certain advertising for it, which was published, and that $1047.37 of the contract price had not been paid. The liability for the debt sued for is based on the claim that the Chicago Real Estate Show Company had not complied with section 4 of the Corporation statute, requiring a corporation to file a certificate of complete organization in the office of the recorder of deeds, and the shareholders were for that reason co-partners and liable as such to creditors. It is not disputed that the Chicago Real Estate Show Company applied for a charter as a corporation, that all the requirements of the statute precedent to the issuing to it of a final certificate of organization were complied with, that such final certificate was issued to it by the Secretary of State, and that it proceeded to do business as a corporation, and was so doing business when the contract for advertising was made with the Inter-Ocean Newspaper Company. It neglected, however, to file its certificate of complete organization with the recorder of deeds. The affidavit of defense was, that the Chicago Real Estate Show Company was a *de facto* corporation at the time it made the contract for advertising with the Inter-Ocean Newspaper Company, and that said newspaper company made the contract with it on its credit as a corporation and not with the stockholders or any of them. In 1911, after the cause of action accrued, the Chicago Real Estate Show Company was adjudged a bankrupt and insolvent. This suit was then brought against the stockholders, none of whom were served except plaintiff in error, to charge them with liability as co-partners because the corporation had not com-

pleted its organization by filing the certificate in the recorder's office. The municipal court found the issues in favor of and rendered judgment for the plaintiff in error. On appeal the Appellate Court reversed the judgment of the municipal court and entered judgment against plaintiff in error for the amount of the claim and interest. The case was brought to this court by petition for writ of *certiorari.*

The principal and important questions presented for decision are whether the Chicago Real Estate Show Company was a *de facto* corporation, and whether the stockholders in such a corporation are liable as partners to creditors.

All the requirements of the statute were complied with for the organization of the Chicago Real Estate Show Company as a corporation, and the Secretary of State issued to it a certificate of complete organization January 31, 1911. A resolution was adopted instructing the secretary of the corporation to file the charter or certificate of complete organization for record in accordance with the statute. He neglected to do that, and for that reason it is sought to charge the stockholders with liability as partners. By section 4 of chapter 32 of our statutes, where the provisions necessary to the organization of a corporation have been complied with, the Secretary of State shall issue a certificate of complete organization of the corporation, "and the same shall be recorded in a book for that purpose, in the office of the recorder of deeds of the county where the principal office of such company is located. Upon the recording of the said copy, the corporation shall be deemed fully organized and may proceed to business."

The first question to determine is whether the Chicago Real Estate Show Company was a corporation *de facto.* The essential conditions for the existence of a *de facto* corporation are, a valid law under which it may be organized, an attempt in good faith to organize under that law, a colorable or apparent compliance with the law, and user of the corporate powers. Under decisions in this State and other

jurisdictions, some of which we cite, the Chicago Real Estate Show Company was a corporation *de facto* notwithstanding it neglected to file its final certificate of complete organization for record. *Marshall* v. *Keach,* 227 Ill. 35; *Gillette* v. *Aurora Railways Co.* 228 id. 261; *Bushnell* v. *Consolidated Ice Machine Co.* 138 id. 67; *Tulare Irrigation District* v. *Shepard,* 185 U. S. 1.

Whether members and stockholders of a *de facto* corporation, as distinguished from a *de jure* corporation, are protected from liability to creditors as partners the decisions are not in entire accord, but the great weight of authorities hold they are not liable in the absence of a statute making them so liable. That the stockholders of a *de facto* corporation, where the members in good faith supposed they were legally incorporated under a valid law authorizing such incorporation and honestly transacted business as a corporation, should not, in the absence of a positive statutory mandate, be treated and considered as partners as to persons dealing with it as a corporation seems to be absolutely sound. Some expressions used in *Loverin* v. *McLaughlin,* 161 Ill. 417, contrary to that rule and contrary to the great weight of authority have been substantially repeated in a few subsequent cases, which has caused some doubt and uncertainty, but in none of the cases was the precise question here presented involved for decision. *Loverin* v. *McLaughlin* was an action against directors to establish liability against them under section 18 for failing to file for record the certificate of complete organization. The suit was to enforce a purely statutory liability and did not involve the question of the liability of stockholders as partners at common law. In subsequent cases where the language of the opinion in *Loverin* v. *McLaughlin* was in substance repeated, the action was to enforce a statutory liability against the officers, directors and agents of the corporation. We do not, therefore, regard the question in this case as having been determined by this court. The rule is

general that stockholders of a corporation are not person-
ally liable at common law to creditors, and individual lia-
bility must be created by statute. (*Golden* v. *Cervenka,* 278
Ill. 409; *Terry* v. *Little,* 101 U. S. 216.) And this rule
applies to *de facto* corporations. (1 Cook on Corpora-
tions,—5th ed.—sec. 234.)

The statute of 1849 provided that the articles of in-
corporation should be recorded in the county clerk's office
and also in the office of the Secretary of State. *Cross* v.
*Pinckneyville Mill Co.* 17 Ill. 54, was an action brought by
the corporation against a stock subscriber to recover in-
stallments of his stock subscription. It was claimed by the
defendant that the corporation was not legally organized
because it was not shown a duplicate certificate of organiza-
tion had been filed in the office of the Secretary of State,
as required by statute. The court held the provision of the
statute of 1849 referred to was directory and that the action
was maintainable by the corporation.

*Tarbell* v. *Page,* 24 Ill. 46, was an action by the plain-
tiff against the individual members of the Crystal Lake
Ice Company to recover salary as superintendent of the cor-
poration. One of the grounds of action upon which the
claim of liability of the stockholders for the debts of the
corporation was based was that it had failed to file its cer-
tificate of organization with the Secretary of State. The
court said such failure might authorize the people to main-
tain *quo warranto* to oust the corporators from the exer-
cise of its franchise but that it did not necessarily follow
that as to third persons it was not a corporation, and quoted
the substance of the language in *Rice* v. *Rock Island and
Alton Railroad Co.* 21 Ill. 93, that a *prima facie* incorpo-
rated company, acting as such, would only be liable as a
corporation to persons who contract with it as such, and
that persons so contracting will not be heard to say that
by reason of some informality in its organization the mem-
bers or stockholders will be held individually liable.

*Bushnell* v. *Consolidated Ice Machine Co. supra,* was a suit begun by a bill in chancery to have the company declared a co-partnership and its affairs settled. All the steps required by the statute were taken, up to and including the issuing of a certificate of the complete organization of the corporation. Directors and officers were elected and the company proceeded to do business as a corporation. One ground for the relief prayed was that the certificate of complete organization was never recorded in the office of the recorder of deeds, and the bill alleged for that reason the members of the company should be treated as partners. The court held that notwithstanding the failure to file the certificate of complete organization the facts proved established a corporation *de facto,* and held that there could be no partnership liability to a creditor who had dealt with the corporation as such, even though it had not been legally completely organized.

We regard it as unnecessary to repeat the reasoning of the cases cited or to again cite the authorities referred to in the opinions. The subject of stockholders' liability is discussed in 7 R. C. L. After referring to the variance in the views of text writers as to the partnership liability of stockholders in corporations defectively or illegally organized, the author at page 352 says: "The better view is that corporators failing to organize legally are not individually liable as partners to third parties who deal with them as a corporation, where they procure a charter or file articles of incorporation under an enabling act, securing thereby the color of a corporation, believe they are such and use the supposed franchise of their corporation." That text is supported by authorities cited, and in an elaborate note on the subject in 17 L. R. A. 551, will be found a collection of cases which we will not here cite. See, also, as supporting that view, *Whitney* v. *Wyman,* 101 U. S. 392; *Newcomb-Endicott Co.* v. *Fee,* 167 Mich. 574; 14 Corpus Juris, secs. 220, 1527; *Planters and Miners Bank* v. *Padgett,* 69

296–7

Ga. 159; *Fay* v. *Noble,* 7 Cush. 188; *Harrod* v. *Hammer,* 32 Wis. 162.

Cook, in his work on Corporations, (vol. 1, 5th ed. sec. 234,) says that the great weight of authority has established clearly that the stockholders of a *de facto* corporation cannot be held liable as partners even though there have been irregularities, omissions or mistakes in incorporating. The author expresses the view that this is reasonable and just; that parties who dealt with the company as a corporation should not be allowed to claim more than they originally bargained for and hold the stockholders personally. He says the rule is established beyond reasonable doubt. In our opinion a contrary rule would be far-reaching in its consequences and often lead to great injustice and hardship to innocent stockholders. It is by no means always practicable for purchasers of stock to examine every step taken in the organization of the corporation, and to hold them individually liable for its debts seems contrary to reason and justice where there had been no fraud but an honest effort had been made to effect a legal organization, and both the incorporators and stockholders in good faith believed the corporation legal but some mistake or omission had been made such as here,—neglect to file the final certificate of its complete organization for record.

Section 18 of our statute on corporations makes an officer, agent or board of directors of a pretended corporation who assume to exercise corporate powers without complying with the provisions of the statute liable for debts contracted by them in the name of such corporation, but there is no statutory enactment making the stockholders liable in such case. In the absence of an express statute declaring such liability, we hold, in harmony with the great weight of authority, such liability does not exist. This conclusion makes unnecessary the discussion of other questions raised and discussed in the briefs of counsel.

The judgment of the Appellate Court is reversed and the judgment of the municipal court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*

Mr. Chief Justice Cartwright: I agree with this conclusion.

Mr. Justice Duncan, dissenting.

---

(No. 13591.—Reversed and remanded.)
Trustees of Schools, Appellant, *vs.* The St. Paul Fire and Marine Insurance Company, Appellee.

*Opinion filed December 21, 1920—Rehearing denied Feb. 4, 1921.*