## Ross P. Beckstrom Company, Appellee, v. Armstrong Paint & Varnish Works, Appellant.

### Gen. No. 6,882.

1. Corporations, § 480*—*right of de facto corporation to sue on warranty*. In a suit by a corporation to recover on a warranty of goods sold to it, it is no defense to set up that it is not a corporation *de jure* because of failure to file its certificate of complete organization, since it could maintain the suit as a corporation *de facto*.

2. Principal and agent, § 176*—*proof of agent's authority*. The authority of an agent need not be shown by direct evidence but may be established by the facts and circumstances constituting the transaction and by the declarations and acts of the principal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. PRINCIPAL AND AGENT, § 176*—*authority of agent shown by acts of principal.* Where the principal accepted and acted upon a contract made by an agent, received the money thereon and carried it into effect as far as beneficial to him, the jury were justified in finding that the agent had authority to make the contract.

4. EVIDENCE, § 130*—*secondary evidence of written contract.* Where a party testified that he was unable to find a written contract, that he had tried to find it and had searched all the files of the company and had searched all day, a sufficient basis for the introduction of secondary evidence has been established, though he did not state directly that he looked in all places where it was likely to be found.

5. EVIDENCE, § 138*—*parol proof of written instrument.* It is not a necessary prerequisite to proving contents of a written instrument, which is the basis of a suit, that notice be given the other party to produce a copy thereof, if sufficient proof is made of its loss or destruction.

6. EVIDENCE, § 366*—*exclusion of conclusions of witness.* The conclusions of a witness as to an ultimate fact which is for the determination of the jury are properly excluded.

7. INSTRUCTIONS, § 108*—*use of plural instead of singular.* The fact that the court in giving certain instructions substituted the plural for the singular in the word "plaintiff" is of no significance where it did not in any way affect the force or correctness of the principles of law contained in the instruction.

8. INSTRUCTIONS, § 126*—*general principles.* It is not error to refuse an instruction which merely presents a general principle of law without any application thereof to the facts and circumstances of the case.

Appeal from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 17, 1921.

A. PHILIP SMITH and CHRISTOPHER KING, for appellant.

BENJAMIN B. EARLY, for appellee; JOHN EARLY, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This suit was brought by the appellee, Ross P. Beckstrom Company against the appellant, Armstrong Paint & Varnish Works, in the circuit court of Winnebago county, to recover certain sums of money expended by the appellee for the cost of repairing a leaky roof, and for the cost of replacing sections of maple flooring damaged by the leak in the roof.

It is alleged that the roof in question was put on a certain building by the appellant, using certain materials called "Kling-Tite" plastic roofing, which were purchased by the appellee from the appellant, under an alleged guaranty, that it would keep the roof tight, and prevent leakage and damage, for a period of 10 years.

The declaration consisted of the common counts, which were supplemented by the filing of a bill of particulars, showing the items of cost for which a recovery was sought. The appellant filed the general issue to the declaration, also a special plea of *nul tiel corporation*. The trial resulted in a verdict in favor of the appellee for $510.38; a remittitur was afterwards entered, and thereupon a judgment was rendered against the appellant for $450, from which this appeal is prosecuted.

Several grounds are urged as reasons for reversal of the judgment. It is contended that the appellee is not entitled to recover because it is not a corporation *de jure,* it having failed to file its certificate of complete organization as a corporation for record in the recorder's office as required by the statute. This is a matter, however, that does not bar a recovery in a case of this kind; but the appellee had a right to sue and recover as a corporation *de facto. Imperial Bldg. Co. v. Chicago Open Board of Trade,* 238 Ill. 100; *Inter-Ocean Newspaper Co. v. Robertson,* 296 Ill. 92.

It is also contended by the appellant that W. E. Pruzan and M. F. Kraus, who represented the appel-

lant in the making of the contract here involved, were merely selling agents of the roofing material used in the construction of the roof referred to, and had no authority to make the guaranty which was claimed by the appellee was a part of the contract; and that no such authority was proven by the appellee. It is true that there is no direct evidence of authority, but it is not necessary that the authority of an agent should be shown by direct evidence. The authority of an agent may be established by the facts and circumstances constituting the transaction in controversy, and by the declarations of the principal, as well as by the principal's conduct in dealing with the matters constituting the subject of the controversy. *Alton Mfg. Co. v. Garrett Biblical Institute*, 243 Ill. 298; *Faber-Musser Co. v. William E. Dee Clay Mfg. Co.*, 291 Ill. 240. In this case the proof shows that the appellant not only recognized the authority of the agents to make the contract in question but accepted it, and acted upon it, and attempted to carry it into effect, at least in so far as concerned those features in the contract which were beneficial to it; and it also received the money which the contract provided should be paid. The jury were fully warranted in reaching the conclusion, from the evidence, that Pruzan and Kraus had authority to enter into the contract; and that the appellant had a complete understanding concerning the terms of the contract; and acted on that understanding; and had received the benefits accruing therefrom.

A question is also raised concerning the competency of the introduction of secondary evidence of the written contract, which is the basis of the suit. Ross P. Beckstrom, who had charge of the appellee's business, and possession and charge of the contract in question, testified with reference to its loss and his inability to produce the original, that he was unable to find it; that he had tried to find it, and had gone through

all the files of the company in his endeavor to find it, and had searched for it all day, but could not locate it anywhere. It is true he did not state directly that he looked for it in all places where it was likely to be found, but this is a reasonable and proper inference from his testimony. We are of opinion that the basis for proving the contents of a written instrument, which is lost, by secondary evidence sufficiently appeared. The rule in reference to proof of the contents of a written instrument, which is lost, by parol evidence is concisely stated in *Young v. People,* 221 Ill. 57:

"The general rule is that parol evidence cannot be received of the contents of a writing, unless a proper foundation has been laid for its admission by notifying the party in whose possession the writing is, to produce it upon the trial or by showing that it has been lost or destroyed."

It is not a necessary prerequisite to proving of contents of a written instrument, which is the basis of the suit, that a notice should have been given to the adverse party to produce a copy thereof, if sufficient proof is made of the loss or destruction thereof. We are of opinion, therefore, that the court did not err in allowing the proof by parol evidence of the written guaranty. Moreover, there is other proof in the case adduced without objection which shows the terms of the written contract. Appellant insists that the proof of the damages is insufficient, and that some of the proof is incompetent. It is sufficient to say, concerning this contention, that there is competent proof in the record, from which the jury were enabled to ascertain with reasonable certainty the amount of money which the appellee - expended for labor and material, to repair and make good the damage caused by the alleged leaky roof.

Complaint is also made by the appellant because the court sustained an objection to certain testimony of Samuel E. Brown, a witness for appellant; and

because it struck out certain answers which were given by the witness. We are of opinion that there was no error in the ruling of the court in that respect. The answers stricken out were to the effect that the appellant had no knowledge of the making of the guaranty contract in question, and was merely the conclusion of the witness with reference to an ultimate fact which was for the determination of the jury. The same objection applies to the conclusion of the witness that Pruzan and Kraus had no authority to make the contract in question. We are of opinion that the answers of the witness were properly stricken out of the record as being incompetent, and that the rulings of the court concerning his testimony were proper. We find no reversible error in the rulings of the court concerning admission or rejection of evidence, nor in the questions which the court propounded to the witnesses; nor do we find any impropriety in the language of the court used in its rulings on evidence, or remarks made during the trial.

Appellant also contends that the court erred in modifying some of the instructions by substituting the plural for the singular in the word "plaintiff." Inasmuch as the modification did not in any way affect the force or correctness of the principles of law contained in the instructions, these modifications were of no significance. Appellant also complains of the refusal of the third instruction requested by it. We think this instruction was properly refused, inasmuch as it merely presents a general principle of the law of agency, without applying it to the peculiar facts and circumstances of this case. No reasons are pointed out by appellant why it was error to refuse the other instructions requested, which also concerned the question of agency; and it is not incumbent upon us therefore to consider these instructions.

The record does not disclose any reversible error, and the judgment is affirmed.

*Judgment affirmed.*