SAMUEL P. THOMPSON, Interpleading Claimant, *v.* CHARLES E. YECK, Plaintiff in Attachment.

AGREED CASE FROM CASS.

A. having sold goods at public sale under a chattel mortgage, purchased them himself and allowed the mortgagor to retain possession of them, taking his receipt therefor: Held, that the goods being in the mortgagor's possession after the sale, were liable to attachment.

Possession should accompany the title to personal property, or a sale will be void, *per se*, as to creditors and purchasers, without notice, and not open to explanation; unless the deed, properly acknowledged or proved, expressly stipulates otherwise.

THIS case has been brought to this court under the following agreement:

On the first of September, 1857, the defendants, of Morgan county, Illinois, made a note of some $2,000 to Samuel P. Thompson, of the same county, at six months date, and to secure the payment of the same, executed a chattel mortgage of the items of property named in a receipt hereinafter copied. The mortgage was duly acknowledged and recorded in said county, and was foreclosed at maturity by advertisement and sale of the property at public auction, and it was bought by the said Thompson at the said sale, and left in the possession of the said defendants, who gave to Thompson the following receipt for the same :

Received of Samuel P. Thompson, surviving partner of C. C. & S. P. Thompson, the following property, which we agree to take good care of and deliver to said S. P. Thompson, surviving partner of C. C. and S. P. Thompson, when called for, to wit: (here follows a list of articles specified in the mortgage) together with all other household furniture and farming utensils not enumerated in this receipt. JOHN DEMPSEY. [SEAL.]
RICHARD DEMPSEY. [SEAL.]

*Morgan County, March 12th,* 1858.

Afterwards the defendants were absconding with the property, and it was attached, viz: a portion of the stock, at the suit of the plaintiff, in the county of Cass. From the date of the receipt up to the time of levying the attachment, the defendants were in possession of the property, and claimed it as theirs, but without any knowledge on the part of Thompson that they were asserting any such claim. The question submitted to the court was, whether or not, under the true and proper construction of the chattel mortgage law, there was such legal or constructive fraud in the premises, as that the property was subject to the lien of the attachment, or was it the property of the said Thompson; which questions were decided in favor of the plain

tiff.   The propriety of this decision is the question certified by
the undersigned, counsel of the parties, to the Supreme Court
of Illinois, January term, 1859, with request that it be promptly
decided by said court, to prevent accrual of costs from keeping
said stock, the parties relatively and respectively stipulating
that they will finally abide by the decision of said court, with-
out remanding order for further trial of the case in the court
below.   Costs in court below, and in Supreme Court, to be sub-
ject, by consent, to order of said court.

Error assigned, that the case ought to have been decided by
the court below in favor of Thompson instead of Yeck.

D. A. AND T. W. SMITH, for S. P. Thompson.

H. E. DUMMER, for C. E. Yeck.

BREESE, J.   This court has adopted the rule, in *Thornton* v.
*Davenport et al.*, 1 Scam. R. 296, and in several other cases, that
all conveyances of goods and chattels, when the possession is
permitted to remain with the donor or vendor, is fraudulent of
itself, and void as to creditors and purchasers, unless the con-
veyance itself stipulates for such retaining possession by the
vendor or donor.   And the same was held in a case arising un-
der our chattel mortgage act.   *Reed* v. *Eames*, 19 Ill. R. 595.
In all cases the change of possession must be substantial and
exclusive.

If goods are purchased on execution by a stranger, and from
motives of humanity are left in possession of the debtor, for a
temporary and honest purpose, the parties not standing in the
relation of debtor and creditor, the transaction has been held
in England not to be fraudulent as to creditors, and the title
will remain in the purchaser.   Here it would be required that
the possession should accompany and follow the title, or a sale
will be void *per se,* as to creditors and purchasers, without no-
tice, and not open to explanation, unless the deed, if the sale
be by deed, acknowledged or proved according to law, expressly
stipulates otherwise.

In this case the property had been sold under the mortgage.
It should then have passed at once into the possession of the
purchaser, who, in this case, was the mortgagee.   *Reed* v.
*Eames*, 19 Ill. R. 595.

The chattel mortgage act, would be useless if this transaction
is sustained.   Possession of personal property being one of the
strongest indications of ownership, the policy of that law is,
that so soon as the credit expires, the mortgagee shall take pos-
session, so that others may not be deceived and defrauded by the

appearance of ownership in one, while the title is really in another.

The mortgagee in this case, by suffering the property to remain with his debtor, and taking his receipt to re-deliver, is precisely in the situation Eames was, in the case above cited. To have made the transaction fair, there should have been a change of possession.

We think under a true and proper construction of the chattel mortgage act, there was such a legal fraud in the transaction, as to render the property subject to the lien of the attachment.

The receipt given is quite general, and embraces other property than that sold under the mortgage, namely, " all other household furniture and farming utensils, not enumerated in this receipt." This, to say the least, is a strong indication of fraud. The judgment must be affirmed, and the property held liable to the attachment.

*Judgment affirmed.*