# REUBEN ALLEN

### v.

# CHARLES M. CARR.

SALE—*delivery, as against officer levying.* On a sale of personal property by a debtor, there must be a real, permanent delivery and change of possession, to enable the purchaser to hold the same against an officer levying an execution upon it for the debt of the vendor.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. MURRAY & ANDREWS, for the appellant.

Mr. G. VAN HOOREBEKE, for the appellee.

Per CURIAM: On January 8, 1875, there was in the hands of Reuben Allen, appellant herein, a lawful constable and then acting as such, three executions in favor of one Robb, and against the goods and chattels of one Gottlieb Teddenburg. These executions were levied on that day on the property in question, the bay horse being found by the officer in the actual possession of the defendant in the execution, and the other property was in a stable on the farm occupied by the execution debtor, and which he had abandoned.

The property was used by the debtor and owned by him when the debt was contracted on which the execution issued, and on the faith of which the credit was given.

It appears Teddenburg, the execution debtor, was a tenant of Charles M. Carr, and Carr claims he bought the property of Teddenburg in September, 1874, and he gave notice to the constable that he claimed the property. This claim, on appeal, was finally adjudicated in the circuit court of Clinton county, in favor of Carr, from which judgment this appeal is taken.

The claim of Carr, the appellee, is based on an alleged sale of a portion of the property levied on, by the execution debtor to him, which sale was to be in discharge of a prior indebtedness to Carr. But there is one thing essential to the validity of that sale wanting. There was not such a delivery of possession to Carr as will take the case out of the operation of *Thornton* v. *Davenport*, 1 Scam. 296, and subsequent cases, especially *Thompson* v. *Yeck*, 21 Ill. 73. There was no real, permanent delivery by Teddenburg to Carr, but colorable merely. But, if there was a delivery to Carr, he resold the property to Teddenburg and delivered it to him, and whilst in his possession the constable levied on it.

It is clear the property was subject to the execution, and appellee failed to show such title in himself as would defeat it.

The judgment is reversed, and the cause remanded.

                              *Judgment reversed*