## DAVID HUTCHINSON
### v.
## LOUIS OSWALD.

SALE.—He who has no title can give none, and a sale by him, though in peaceable possession with the consent of the owner, to an innocent purchaser, will not divest such owner, unless the owner clothed the vendor with some *indicium* of ownership besides such possession, or exhibited the vendor or voluntarily permitted him to appear as owner, or gave him possession intending to part with the title, or did something else which would make the assertion of his ownership an actual fraud upon the purchaser.

APPEAL from the Circuit Court of Greene county ; the Hon. G W. HERDMAN, Judge, presiding. Opinion filed August 20, 1885.

Mr. HENRY C. WITHERS, for appellant.

Mr. JAMES R. WARD, for appellee.

PLEASANTS, J. This was an action of replevin, originally brought before a justice of the peace by appellant against appellee for the recovery of two spring wagons. The trial, on appeal, resulted in a verdict for the defendant, on which the circuit court, after overruling a motion to set it aside, rendered a judgment in his favor for a return of the property, and for $15 damages assessed for its detention, and the costs. For some years prior to January 12, 1883, one Absalom Mitchell was engaged in the sale of farm machinery at White Hall. Though not clearly shown, we infer from the evidence that appellant had been at one time interested with him in it. He was, however, out of regular business after June, 1882, but his relations with Mitchell were such that he continued to keep some articles of his own for use and sale at the latter's warehouse, which he made a place of daily resort to meet old customers, collect debts, and occasionally help Mitchell in his trades.

In July, 1882, he ordered of a salesman of the Studebaker Wagon Co., of South Bend, Ind., three spring wagons, at $90

Hutchinson v. Oswald.

each, on four months' time. These were shipped to him in his own name, at White Hall, in August, and by him sent, without special permission, to the warehouse mentioned. The two here in question, which had been sent back to the factory to be put upon a wider tread and returned, were there on January 12, 1883, and then sold by Mitchell, together with the warehouse and its other contents (excepting a few articles specified as belonging to other parties), to the appellee, who, on the 13th, took possession and locked up the building; and thereupon this suit was brought.

It is here claimed in support of the judgment, that appellant had sold these wagons to Mitchell; had turned over to him the trade with the Wagon Company upon his assuming the payment of the price, which appellant denies. Evidence on both sides bearing upon this question was introduced on the trial, of the effect of which we express no opinion. How the jury found upon it, if at all, can not be ascertained from the record, since that theory of defense was ignored and quite another presented in the instructions given. One of these was, " that if the evidence shows that the defendant found Absalom Mitchell in the peaceable possession of the wagons in controversy in this case, as the apparent owner thereof, then the said Oswald was not bound by law to inquire whether Hutchinson or anybody else but Mitchell was the owner and had authority to sell them; that the defendant had the right under the above state of facts, if proven, to purchase said wagons of Mitchell if Mitchell offered them for sale, and if he did so without any knowledge that Hutchinson had or claimed to have an interest in said wagons, then in law the defendant took by purchase a good title to said property, and Hutchinson could not, if he were the real owner, take the property from the defendant in this case." Others added to this hypothesis the element of Hutchinson's consent to Mitchell's possession, but nothing further, and were alike erroneous. An innocent purchaser from a thief, under the first, or from a mere bailee—borrower, hirer, agister or other —under the others, would hold the property stolen or bailed against the real and equally innocent owner. We understand

that peaceable possession by one who is not the owner, with the consent of the owner, and with apparent ownership without such consent, is not conclusive evidence of title; that he who has no title can give none, and that a sale by him, though in peaceable possession with the consent of the owner, to an innocent purchaser, will not divest such owner unless he exhibited the vendor or voluntarily permitted him to appear as owner, or clothed him with some *indicium* of ownership besides such possession, or gave him possession intending to part with the title, or has done something else which would make the assertion of his ownership an actual fraud upon said purchaser. The subject has been so fully considered and clearly presented by our own Supreme Court that we deem it unnecessary to cite other authority. Fawcett, Isham & Co. v. Osborn, Adams & Co., 32 Ill. 422, *et seq.;* Burton v. Curyea, 40 Id. 329, *et seq.;* Klein v. Seibold, 89 Id. 540.

The instructions referred to were erroneous.

The judgment will therefore be reversed and the cause remanded.

Reversed and remanded.