DAVIS, MALLORY & CO., v. MEYER & CO.

SALES:  *Delivery; Subsequent bona fide purchaser.*

Tomlinson sold to Meyer & Co., a bill of dry goods, tobacco and two guns, in part payment of his indebtedness to them.  The dry goods were packed in a box and placed under the counter, the box not nailed up nor marked.  The guns and tobacco were not separated from the balance of Tomlinson's stock.  No money was paid, but the bill was charged to Meyer & Co. on Tomlinson's books, and a bill of parcels delivered to them, and Tomlinson was directed to send the goods to a particular warehouse for the purchasers.  Afterwards, on the same day, Tomlinson mortgaged his entire stock of merchandise to Davis, Mallory & Co., for a debt he owed them, and delivered them immediate possession.  They had no notice of the sale to Meyer & Co., and refused to surrender the goods to them, and sold them under the mortgage.  Thereupon Meyer & Co. sued them for the conversion.  Held: That there was no such actual delivery to Meyer & Co., no such visible and substantial change of possession, as was necessary to make the sale effectual against subsequent creditors and attaching creditors.

APPEAL from *Jefferson* Circuit Court.
Hon. JOHN A. WILLIAMS, Circuit Judge.

*J. M. & J. G. Taylor*, for Appellants.

As between Tomlinson and Meyer & Co., the sale was no doubt complete, but the goods not having been delivered to the buyer, but remaining in the hands of the seller, the transaction is of no effect as against an innocent third party to whom the goods were mortgaged in good faith.

The principle is well settled that in an absolute sale of personal property, capable of delivery, the possession must accompany the title to make the sale effectual against creditors, etc.  *Ferguson v. Northern Bank, 14 Bush., 555; Comaitra v. Kyle, Nevada, 1885, 19 Rep., 345; Commercial Nat. Bank v. Gulette, 90 Ind., 268.*

Davis, Mallory & Co., v. Meyer & Co.

As between Tomlinson and Meyer & Co. there is no doubt but that the sale was complete, but as to subsequent mortgagees without notice, and for value, there was no delivery of possession. The court below made no distinction between sales as between the parties and cases where the rights of third parties intervene. Much confusion is created by the use of the word "delivery." Sometimes it is used with reference to property in the chattel, and at others as to change of possession of the chattel. These distinctions are accurately stated in *Benjamin on Sales, 675*.

To render a sale valid as against subsequent purchasers, attaching creditors, and others standing in like relations, something more is necessary than a sale without delivery. To render a sale valid against them there must be a delivery, actual or constructive, of the property sold. *Benjamin on Sales, sec. 675, note d; Morgan v. Taylor, 32 Tex., 363; Crawford v. Forrestall, 58 N. H., 114.*

When the owner of a chattel sells it to two purchasers, neither having knowledge of the sale to the other, the one who first gets possession will hold it. *57 N. H., 102; 21 Ill., 73; 58 N. H., 238; 85 Ill., 388; 54 Ill., 436; 9 Low. Can., 193; Benj. on Sales, sec. 675, note d; 16 U. C. C. P., 263; 127 Mass., 381.*

The rule of law which requires a change of possession is one of policy. Its object is the prevention of fraud. The policy which dictates it and the prevention at which it aims require its rigid application to every case where there has not been an actual, visible and continued change of possession. *Norton v. Doolittle, 32 Conn., 405; Hull v. Segsworth, 48 Conn., 248.*

No reason can be given for appellees not taking possession of the property bought from Tomlinson. It was not bulky, but capable of easy delivery, and being in fault they must suffer the loss occasioned by their laches.

Davis, Mallory & Co., v. Meyer & Co.

*N. T. White* for Appellee.

1. Appellants were not innocent purchasers. The mortgage on its face shows that it was executed to secure pre-existing debts. *Jones on Mortg., sec. 458; 31 Ark., 85; 27 Id., 557.*

2. The selection of the goods by appellees, their separation from the bulk of the stock and putting them in a box, the charging appellees on the books of Tomlinson with the price of the goods, etc., were sufficient to put appellants on inquiry, if not to give them actual notice. *Bigelow on Fraud, pp. 288–9; 11 Fed. Rep., 559.*

3. The sale was complete; nothing remained to be done as to the goods. *19 Ark., 566; 35 Id., 190.* They had been selected, their price agreed upon, and paid for by charging the price to account of appellees. *8 Ark., 213.* And the same were put in a box, separate and apart from the other goods in another place, and Tomlinson directed to send the goods to Hilzheim's warehouse, for shipment to Pastoria to their account. *Graves v. Conway, 43 Ark., 134.*

From this time Tomlinson became the bailee of appellees. His possession was their possession, they had actually received the possession of the goods but left them in the store to be sent to the warehouse. *Andrews v. Cox, 42 Ark., 473; L. R. & Ft. S. Ry. v. Page, 35 Ark., 304.*

4. The attorneys for appellants insist upon the doctrine as held in a number of the states of the Union: "That when goods are sold and the possession thereof allowed to remain in the hands of the vendor, it is a fraud *per se,*" and no evidence is admissible to explain that possession. *Thompson v. Yeck, 21 Ill., 73; Capron v. Porter, 43 Conn., 383; Benjamin on Sales, sec. 675, note d,* where the whole subject is discussed and decisions from almost all the states are cited and commented upon.

Whatever may be the law in some of the states, the better opinion is that the retention of the possession of property by the vendor is only *prima facie* evidence of fraud and may be explained. *L. R. & Ft. S. Ry. Co. v. Page, 35 Ark., 304; Fairfield Bridge Co. v. Nye, 60 Me., 372; Goodell v. Fairbrother, 12 R. I., 233; Ball, assignee, v. Loomis, 29 N. Y., 412; Claw v. Wood, 5 S. & R., 275; Collins v. Myers, 16 Ohio, 547; Mansf. Dig., sec. 3372.*

In almost all these cases the courts have held that when the evidence shows that the transaction was free from fraud, and the sale in good faith made for a valuable consideration, and without any intention to defraud other creditors, the sale will be upheld against creditors and subsequent purchasers, although the possession of the property remained with the vendor.


SMITH, J. Frank Tomlinson, a merchant of Pine Bluff, was indebted to both of the parties to this action. On the 20th of October, 1883, he sold to Gabe Meyer & Co. a bill of merchandise amounting to $140.15, and consisting of dry goods, tobacco and two guns. The dry goods, which were of the value of $101.77, were packed in a box and placed under the counter. The tobacco and guns were not separated from the rest of Tomlinson's stock. No money was paid, it being understood that the amount of the bill was to go as a credit on the debt due the purchasers; and the items were charged on the debtor's books, Meyer & Co. being furnished with a bill of parcels. Tomlinson was directed to send the goods to a certain warehouse in the town.

Afterwards, on the same day, and before the goods were removed from the store, Tomlinson executed a mortgage upon the entire stock of merchandise in his store, to Davis, Mallory & Co., as security for the debt he owed them, and placed them in immediate possession. They had no knowledge of the previous sale to Meyer & Co., and when informed of it, refused to

recognize the transaction, or surrender the goods to Meyer & Co., but took the goods out of the box, which had never been nailed up or closed in any manner, replaced them upon the shelves among the general stock, and sold them under their mortgage.

Meyer & Co. now brought suit for the conversion of the goods; and upon a trial without a jury the circuit court held that they were entitled to recover the value of the goods that had been separated from the remainder of the stock, but not the value of the tobacco and guns, and gave judgment accordingly. Davis, Mallory & Co., have appealed.

It is superfluous to inquire whether the effect of this transaction was to transfer to Meyer & Co. the title or property in the goods, as against Tomlinson, so as to enable them to maintain replevin if he had withheld them, or to throw upon them the loss if the goods had been destroyed by fire. For, as we understand the law, in order to make the sale effectual against subsequent purchasers, or attaching creditors, there must have been actual delivery ; a visible and substantial change in the possession. These goods were not ponderous, nor bulky, but could have been easily delivered. 2 Schouler's Personal Property, secs. 270, 395; Ferguson v. Northern Bank of Ky., 14 Bush., 555.

We attach no importance to the fact that Tomlinson furnished to Meyer & Co. a bill of parcels. This was like a bill of sale, and insufficient evidence of a completed sale unless accompanied by actual possession of the things sold. Dempsey v. Gardner, 127 Mass.. 381; McKee v. Garcelon, 60 Me., 165; Solomons v. Chesley, 58 N. H., 238.

The only circumstances tending even remotely, to show that Tomlinson had parted with his control of the goods, was that he had segregated a portion of them from the remainder of his stock, had boxed them up and set them aside. This was evidence of his intention to select and appropriate them to the

use of the plaintiffs. But it is not shown that the,, plaintiffs were even present, in person or by agent, when this was done. The box was not nailed or closed. Neither it nor the goods were marked with the plaintiffs' name or initials. The plaintiffs did not take charge of the package; nor were they to send and get the goods, but Tomlinson was to convey them to the warehouse. The plaintiffs, therefore, had no possession; and before anything further was done, Tomlinson resold the same goods to the defendants, who had no notice of the prior sale, and who took possession. The defendants thereby obtained the better title. *Crawford v. Forrestall, 58 N. H., 114; Allen v. Carr, 85 Ill., 388; Veazie v. Somerby, 5 Allen, 280; Garman v. Cooper, 72 Pa. St., 32.*

Reversed and remanded for further proceedings.