Wood v. Loomis.

21  604
68  432

# LESTER P. WOOD
## v.
# WILLIAM H. LOOMIS.

*Sales — Possession Retained by Vendor — Fraud — What Constitutes Change of Possession—Replevin.*

1. An absolute sale of personal property, where the possession is permitted to remain with the vendor, is fraudulent *per se* and void as to creditors and purchasers.

Wood v. Loomis.

2. To constitute a change of possession there must not only be a delivery to the vendee but a continuing possession by him.

3. In an action of replevin by the vendee of personal property against an officer who holds under a levy upon execution against the vendor, it is *held:* That there was no substantial change in possession, and that the circumstances indicate fraud in fact and in law.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of DeKalb County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. D. J. CARNES and G. H. DENTON, for appellant.

Messrs. JONES & BISHOP, for appellee.

WELCH, J.   This was an action of replevin brought by the appellee against the appellant, Lester P. Wood, Sheriff of De-Kalb County, who had taken the property in controversy (a horse, buggy and harness), in the possession of William Loomis, the father of appellee, on an execution against the said William Loomis.   The case was tried in Justice and Circuit Courts and verdict and judgment rendered for appellee.   The official capacity of the appellant, the judgment and execution against William Loomis, Sr., that he took the property while in the possession of William Loomis, Sr., and that the judgment and levy were subsequent to the bill of sale of the property from William Loomis, Sr., to the appellee, and prior to the commencement of this suit, was admitted.   It was also admitted that there was a proper demand made by the appellee and a refusal by the appellant to deliver the possession of the property before the commencement of this suit.   The evidence shows that on October 9, 1884, appellee took an absolute bill of sale of the property in question of his father, William Loomis, Sr., indorsing on a note held by him on his father the sum of $150, the purchase price of the property. At the time the bill of sale was given, William Loomis, Sr., said he would like to keep the property, and the appellee said, if he would take care of the property he did not want to use it and

he could keep it. The property was left with William Loomis, Sr. The appellee and his father were living on the same lot; there was only one barn for the two houses, and the barn was in the possession of and used by appellee's father. The property had been kept in the barn prior to the making of the bill of sale and was kept there subsequently to the time of the levy of the execution thereon, except the horse, which was in the possession of appellee for a few days at Blackberry. The appellee states that after the sale he hitched up the rig and took his wife out riding. The rig was returned by him to his father. On the 21st of October, 1884, appellee moved to Blackberry and used the horse in moving, and did not take the harness and buggy. The horse was returned to his father in a few days and his father had been using the horse, harness and buggy all the time since the bill of sale except the time that the appellee had the horse at Blackberry. Appellee also states that he had owned other horses since the purchase of this one from his father; that he had bought two last spring before this execution was levied, and had bought a carriage and harness. The evidence shows that prior to the making of the bill of sale appellee was in the habit of driving the horse, and whether he drove him more before than after the bill of sale is uncertain. The property was left in possession of the father and he was to use it for its keeping.

We hold that the possession of appellee was only temporary and was not inconsistent with the continued ownership and possession of the father. There was no substantial change of possession. The circumstances surrounding this case seem to indicate fraud in fact as well as in law. Chief Justice Sheldon, in Tickner v. McClelland et al., 84 Ill. 474, says: "The policy of the law in this State will not permit the owner of personal property to sell it and continue in the possession of it. Possession being one of the strongest evidences of title to personal property, if the real ownership is suffered to be in one and the apparent ownership in another, the latter gains credit as owner and is enabled to practice deceit upon mankind. It is the well established doctrine of this court that an

absolute sale of personal property where the possession is permitted to remain with the vendor is fraudulent *per se* and void as to creditors and purchasers." "On a sale of personal property by a debtor there must be a real permanent delivery and change of possession to enable the purchaser to hold the same against an officer levying an execution upon it for the debt of the vendor." Reuben Allen v. Charles M. Carr, 85 Ill. 388; Thornton v. Davenport, 1 Scam. 296; Thompson v. Yeck, 21 Ill. 73. As to what constitutes a change of possession, Bump on Fraudulent Conveyances, 133, says: "It is not sufficient that a vendor gives to the vendee a delivery which may be symbolical or a temporary delivery and then takes the articles back into his own possession and keeps and uses them just the same as he did before. This is not the possession which the rule requires. There must not only be delivery but a continuing possession. This possession must be continuous, not taken to be surrendered back again, not formal but substantial." 134, *supra*. The rule announced in Brown v. Riley, 22 Ill. 45-52, has no application to the facts of this case. In that case the loan by the purchaser to the seller was for a temporary purpose. In this case it was not a mere temporary borrowing by the vendor, but a continuous possession and use. In view of what we have said and in the light of the authorities, *supra*, the court erred in overruling appellant's motion to set aside the verdict and grant a new trial.

*Judgment reversed, cause remanded and* venire de novo *awarded.*