# Orr, Saddler & Co. v. James H. Gilbert, Sheriff, and Olaf Matson.

1. FRAUD AND DECEIT—*Sales of Personal Property—Possession.*—The policy of the law does not encourage the owner of personal property to sell it and continue in possession of it; possession being one of the strongest evidences of title to personal property.

2. PERSONAL PROPERTY—*Apparent and Real Ownership—Possession.*—If the real ownership of personal property is suffered to be in one, and the apparent ownership in another person, the latter gains credit as owner, and is enabled to practice deceit upon mankind.

3. PRACTICE—*Judgment for Want of a Replication.*—Judgment may be entered for a defendant for want of a replication taking issues upon his pleas.

4. SALES—*To Corporation by Stockholders.*—A jury may properly find that a conveyance of personal property to a corporation by persons owning all the stock in such corporation where there is no change of possession, is but a mere subterfuge to enable them to practice deceit upon mankind.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

## STATEMENT OF THE CASE.

On September 3, 1893, a replevin writ was issued in favor of Orr, Saddler & Co., a corporation, against James H. Gilbert, sheriff of Cook county, Illinois, and Olaf Matson, for a " stock of groceries, canned goods, coffees, teas, flour, wooden and yellow ware, the same being all the stock of merchandise contained in store room known as 6148 South Halsted street, Chicago, Cook county, Illinois, being the same property levied upon on the 28th day of August, 1893, by the said James H. Gilbert, sheriff of said county, and execution in favor of said Olaf Matson, and against Harry B. Orr and John B. Saddler."

The defendants pleaded :

1st. Denying that they took the goods and chattels described in the declaration.

2d. Denying that they wrongfully detained the goods

and chattels mentioned in the second count of the declaration.

3d.   Asserting that the goods and chattels were the property of Harry B. Orr and John B. Saddler, and not of the plaintiff.

4th.   That on August 25, 1893, Olaf Matson sued out of the Superior Court of Cook County a writ of *fieri facias* against Harry B. Orr and John B. Saddler, directed to the sheriff of said Cook county, to collect from Harry B. Orr and John B. Saddler $534.45 damages, and costs amounting to about $66 and interest; and that the goods and property mentioned in the declaration were the property of Harry B. Orr and John B. Saddler.

To these pleas no replication was filed.

A final certificate of incorporation was offered and received in evidence on behalf of the plaintiff, from which it appears that this final certificate was dated October 14, 1892; that the name of the corporation was Orr, Saddler & Co.; the object was to carry on the retail grocery business; capital stock, $2,500, divided into fifty shares, at $50 each; that Harry B. Orr subscribed for twenty-five shares and John B. Saddler for twenty-five shares; and that said final certificate was duly recorded in the recorder's office of Cook county.

A bill of sale from H. B. Orr and J. B. Saddler was introduced.   Plaintiff claimed that on the 20th of October, 1892, said Orr and Saddler conveyed by this bill of sale all the property then owned by them at 5148 S. Halsted street, which included the property in question, to the corporation of Orr, Saddler & Co., incorporated on the 14th day of October, 1892.

John B. Saddler, the only witness called by the plaintiff, testified that he was secretary of the Orr, Saddler & Co., incorporation in September, 1892, at 5148 South Halsted street, Chicago, and he identified the corporation papers; that he and Mr. Orr were managers of said corporation for two years after the 14th day of October, 1892, at which time the property was sold to the Englewood Grocery Co.

On behalf of the defendants, Mr. Olaf Matson testified that Mr. Saddler told him in December, 1892, that he and Mr. Orr were the owners of the stock of goods in the store at 6148 South Halsted street.

A Mr. J. M. Gray, on behalf of the defendants, testified that Mr. J. B. Saddler told him in June, 1893, that he and Mr. Orr owned the stock of goods at 6148 Halsted street.

Whereupon Mr. Gilbert, attorney for defendants, remarked: " We will rest our case here." The court remarked: " Is there anything further ? "

Mr. Gemmill, counsel for plaintiff, said : " I will be sworn as a witness for plaintiff in rebuttal."

" The Court : What is there to rebut ?

Mr. Gemmill : I know all about the organization of this company and its doing business, and can testify about it.

The Court : But there is nothing here to rebut.

Mr. Gemmill : Well, if that is the court's view of it I will not testify, and we will rest our case.

The Court : (Addressing Mr. Gilbert.) Do you think there is anything here to go to the jury ?

Mr. Gilbert : I would like to have the jury pass upon the facts. I think if there is a question of fact here the jury should pass upon it; I would like to have the court examine this bill of sale. (Handing it up.)

The Court : Well, I will give you ten minutes each to speak to the jury.

Mr. Gemmill : If the court intends to let this case go to the jury, I insist on my right to testify on behalf of the plaintiff.

The Court : You rested your case.

Mr. Gemmill : I only rested it upon the suggestion of the court that there was nothing to go to the jury, and under the belief that the court intended to take the case from the jury.

The Court : Every lawyer must make his own case."

Whereupon counsel for plaintiff then and there duly moved the court to take the case from the jury; which motion the court then and there denied; to which ruling

the plaintiff then and there duly excepted; and the plaintiff then and there duly excepted to the ruling of the court, denying Mr. Gemmill's right to further testify.

The jury found the issues for the defendants, and for them the court gave judgment.

L. H. BISBEE, attorney for appellant.

GILBERT & GILBERT, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The jury might properly find, as it did, that the goods were the property of Orr and Saddler. In fact, if not technically so, under the undisputed evidence the goods actually belonged to Orr and Saddler; that is, according to their testimony, they belonged to a corporation of which they owned all the stock.

The jury might properly, as it did, find the conveyance to the corporation to be a mere subterfuge. Moreover, there was no change of possession; the goods remained where they were before the bill of sale was made, with the same custodians.

The policy of the law in this State does not encourage the owner of personal property to sell it and continue in possession of it, possession being one of the strongest evidences of title to personal property. If the real ownership is suffered to be in one and the apparent ownership in another, the latter gains credit as owner, and is enabled to practice deceit upon mankind. Ticknor v. McClelland, 84 Ill. 471; Wood v. Loomis, 21 Ill. App. 604; Allen v. Carr, 85 Ill. 388; Thornton v. Davenport, 1 Scam. 296; Thompson v. Yeck, 21 Ill. 73.

Judgment might have been entered for the defendants for want of a replication taking issue upon the defendant's pleas. Lindsay v. Stout, 59 Ill. 491; Williams v. Boyden, 33 Ill. App. 477.

It is urged that Mr. Gemmill, counsel for plaintiff, should

have been permitted to testify in rebuttal.  As the court remarked—what was there for him to rebut?  The only evidence given by the defendants was as to certain declarations made by Messrs. Orr and Saddler.  There was nothing tending to show that Mr. Gemmill was present when either of such declarations was made.  Mr.˙ Gemmill, from his statement, apparently wished to testify as to the organization of the corporation and its doing business; there was no dispute about this, and the defendants had given no evidence denying such organization, or that the company did business.

We do not think another jury would find otherwise than did the one to whom this cause was submitted.

The judgment of the Circuit Court is affirmed.