## James H. Gilbert v. Forest City Furniture Co.

1. QUESTIONS OF FACT—*Transaction a Sale or a Bailment.*—The question as to whether a transaction is a sale or merely a bailment is one of fact, for the determination of a jury on all the evidence.

2. INSTRUCTIONS—*Abstract Propositions of Law.*—An instruction which states an abstract proposition of law without making any application of it to the facts of the case, is properly refused.

3. SAME—*To Find for the Defendant, When Improper.*—A peremptory instruction to find for the defendant where there is a question of fact for the jury to decide on a conflict of evidence, is properly refused.

4. SALES—*Of Personal Property—Change of Possession.*—To pass the title of personal property, there must be a change of possession so that third persons dealing with the vendee will not be deceived and defrauded by the appearance of ownership in one, while the title is really in another.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed December 16, 1897.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

The policy of the law in this State does not encourage the owner of personal property to sell it and continue in

possession of it, possession being one of the strongest evidences of title to personal property.   If the real ownership is suffered to be in one, and the apparent ownership in another, the latter gains credit as owner and is enabled to practice deceit on mankind.   Ketchum v. Watson, 24 Ill. 591; Lewis v. Swift, 54 Ill. 436; Lefever v. Mires, 81 Ill. 456; McCormick v. Hadden, 37 Ill. 370; Brundage v. Camp, 21 Ill. 330; Hervey v. Rhode Island Locomotive Works, 93 U. S. 664.

ALLEN & BLAKE, attorneys for appellee, contended that the mere possession, without ownership, can not prevail as against the rights of the real owner, unless used as a cloak to cover up an actual sale, and the good faith of the appellee not being in question, it will be presumed in support of the verdict that the goods were left with Cronenberger simply for safe keeping, and not for the purpose of covering up a sale.   Rosencranz & Weber Co. v. Hanchett, 30 Ill. App. 283; McCullough v. Porter, 4 Watts & S. (Penn.) 177; Montague v. Ficklin, 18 Ill. App. 99; Hutchinson v. Oswald, 17 Id. 28; Fawcett, Isham & Co. v. Osborn, Adams & Co., 32 Ill. 422; Klein v. Seibold, 89 Ill. 540; Burton v. Curyea, 40 Ill. 329.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee, which was a manufacturing corporation, doing business at Rockford, Illinois, in February and May, 1893, sold certain furniture, in question in this case, to one Cronenberger, a retail furniture dealer having his place of business in Chicago.   The furniture was to be shipped at once, but there was delay both in the shipment and also in the delivery by the railway company of parts of it, which resulted in negotiations and correspondence between appellee and Cronenberger, both regarding the return of the furniture to appellee, and also its storage with said Cronenberger, and on which there is a conflict of evidence.

A large part of the furniture was received by Cronenberger as early as June, 1893, and exposed for sale in his place of business for some four or five months.   There is

evidence tending to show that by reason of the failure of appellee to deliver some of the furniture according to the orders of said Cronenberger, that the sale to Cronenberger was, by agreement between him and appellee, rescinded, and the furniture stored with Cronenberger by appellee, until it could make other disposition of it, but under this alleged arrangement there was no visible change of possession, and the furniture, after this alleged arrangement, remained in Cronenberger's store, exposed for sale the same as his other stock in trade, for a space of some months. Appellee, also, after the time complaint was made by Cronenberger as to parts of the furniture not being delivered, in September, and as late as November 4, 1893, made attempts to collect from him the amount of its bill for the furniture and also endeavored to get his note in settlement of the account.

Under the contract of sale, it is not clear from the evidence, who was to pay the freight. Cronenberger, however, paid the freight as the goods were taken from the railway depot, but never got any credit for such payment from appellee. No request was ever made of Cronenberger by appellee that he return the goods.

Cronenberger, on November 13, 1893, being indebted to John V. Farwell Co. in an amount exceeding $10,000, a judgment was on that day entered against him in favor of said Farwell Co., in the Circuit Court of Cook County, for $10,725.85, on which execution was issued the same day, and a levy made by appellant as sheriff on said furniture, while in the possession of Cronenberger and exposed for sale in his store with his other goods.

Appellee brought replevin against appellant, after demand made. Appellant, among other pleas, pleaded property in Cronenberger, and justified under said execution. A trial resulted in a verdict finding appellant guilty, that the right of property was in appellee, and damages in its favor of one cent. On this verdict judgment was entered by the Superior Court, from which appellant appealed.

On behalf of appellee the trial court instructed the jury as follows:

Gilbert v. Forest City Furniture Co.

" If you believe, from the evidence, that at the time this suit was commenced and before, the defendant Gilbert was the sheriff of Cook County, Illinois, that he took possession of said goods by virtue of writ of fieri facias against the goods and chattels of one George J. Cronenberger, and that he was detaining possession thereof under said writ at the time of the commencement of this suit, and if you also find that the said Cronenberger was not entitled to possession of said goods as against plaintiff, then you are instructed that the right of defendant Gilbert was no greater than that of said Cronenberger, provided you believe further, from the evidence, that a demand was made by the plaintiff or its agent, before this suit was begun, on the defendant for the return of said goods."

On behalf of appellant the court also gave the following instruction, to wit:

" The jury are further instructed that even though they should believe, from the evidence, that Cronenberger did not accept the goods, yet, if you believe from the evidence the plaintiff permitted the goods to remain in the store and stock of Cronenberger, with his other goods, without anything to indicate that they were not his property, and he was permitted to make sale of such of the property as he saw fit, then the plaintiff is estopped as against execution creditors from claiming that the title to the property never passed and the property did not belong to Cronenberger."

The instruction for appellee does not state the law, under the evidence in this case, correctly, as it appears from the following cases: Bastress v. Chickering, 18 Ill. App. 208; Murch v. Wright, 46 Ill. 488; Brundage v. Camp, 21 Ill. 331; Stadfeld v. Huntsman, 92 Pa. St. 56; Lapp v. Pinover, 27 Ill. App. 171; Ketchum v. Watson, 24 Ill. 591; Thompson v. Wilhite, 81 Ill. 358; Orr v. Gilbert, 68 Ill. App. 429.

In the Bastress case, *supra*, the court said: " Where one party, by means of contract, and without notice to the world, suffers the real ownership in chattels to be in himself, and the ostensible ownership to be in another, the law will postpone the rights of the former to those of the exe-

cution or judgment creditors of the latter, because to injure third persons by giving a false credit to such ostensible owners, is the natural and probable result of the transaction."

In the Stadtfeld case, *supra*, the court said: "No doubt a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor until the purchase money is paid, enables creditors of the vendee to seize and sell it for the payment of his debts."

In the Lapp case, *supra*, where it appeared the plaintiffs, wholesale dealers in jewelry, sold and delivered to one Corinder, a retail dealer, certain jewelry, and afterward while it was in Corinder's possession, an arrangement was made between them by which Corinder was to hold the goods under consignment, and a memorandum to that effect was delivered to Corinder and entered upon plaintiff's books, after which possession of the jewelry remained unchanged, and Corinder pledged the jewelry as security for a loan made to him, and later sold it, with the remainder of his stock of goods, to defendants, creditors of Corinder, who, after redemption from the pledge, took possession of the jewelry, the court said: "The sale and delivery of the goods in question June 24, 1884, by the plaintiffs to Corinder, vested in the latter the title to the goods. And the re-sale of them back to plaintiffs July 22, 1884, by Corinder, being without any change of possession of the goods, would, if entirely formal in other respects, be void as to *bona fide* creditors, purchasers or pledgees, without notice."

In the Ketchum case, *supra*, the court said: "To pass the title as between (to) third persons, there must be a change of possession, so that others will not be deceived and defrauded by the appearance of ownership in one, while the title is really in another."

In the Orr case, *supra*, this court said: "If the real ownership is suffered to be in one, and the apparent ownership in another, the latter gains credit as owner, and is enabled to practice deceit on mankind."

It is claimed by appellee that there was no sale of the fur-

niture to Cronenberger; that the transaction was merely a bailment. That was a question of fact for the jury to determine on all the evidence—was really the point of controversy in the case.

The case of Rosencranz v. Hanchett, 30 Ill. App. 283, relied on by appellee as establishing that the transaction between appellee and Cronenberger was a mere bailment, recognizes the law to be as stated in the cases above noted. The court in that case says: " The only question is, therefore, whether the arrangement testified to by the witnesses Webber and Shute was fraudulent in law, as being a clothing of Shute with the ostensible ownership of the goods, while the company attempted to retain the real ownership in them. If it was such, then the title to the goods passed to Shute, so as to be liable to levy and sale under an execution against him."

The instruction for appellee ignores the rights of creditors who, as stated in the case last cited, would be entitled to levy their execution when the arrangement between the real owner and the debtor was fraudulent in law. Had this instruction told the jury what in law was a bailment and sale, and then left them to find from the evidence whether the arrangement between the parties, under all the evidence, was a bailment or sale, so far as third parties are concerned, and if the jury found that there was a bailment, then the conclusion of the instruction, that appellant's right was no greater than that of Cronenberger, would have been correct.

No cross-errors are assigned by appellee as to the second instruction given for appellant, but as his counsel have contended it was the law, we think it should be considered. If the jury believed from the evidence that Cronenberger never accepted the goods, then there was no sale; no title whatever passed to Cronenberger in the absence of fraud, even as to creditors or *bona fide* purchasers. Rosencranz case, *supra*, and cases there cited; Hutchinson v. Oswald, 17 Ill. App. 28; Fawcett v. Osborn, 32 Ill. 422; Burton v. Curyea, 40 Ill. 329; Klein v. Seibold, 89 Ill. 540.

If there was no sale in the first instance, a very different rule prevails from the rule which is to be applied if there was a sale and an attempted re-sale or rescission of agreement of sale. So long as the owner has not parted with his title, and has been guilty of no fraud in law he may reclaim his property. Such is clearly the law; as held by the cases last cited.

The facts stated in this instruction might well be applied to many cases of clear consignment, in which it is universally held the real owner may reclaim his goods as against an attaching or execution creditor of the consignee. This instruction should not have been given.

The instructions asked by appellant and refused by the court were properly refused. It would unnecessarily extend this opinion to quote them. The third ignores the evidence tending to show a rescission of the contract of sale between the parties. The fourth states an abstract proposition of law, without making any application of it to the facts of the case. The fifth is a peremptory instruction to find for defendant, and was improper because there was a question of fact for the jury to decide on a conflict of evidence, and besides, it was waived by asking instructions submitting the facts to the jury. The sixth was erroneous for the reasons stated with reference to the second instruction given on behalf of appellant. The seventh should not have been given, because the evidence fails to show who was to pay the freight. The eighth should not have been given, because the John V. Farwell Co. would have no right to levy its execution on the goods in question if it had notice of an agreement between appellee and Cronenberger that the goods were to be held by Cronenberger subject to appellee's order.

The judgment is reversed and the cause remanded.