### Thomas L. O'Neil v. William R. Rogers.

1. SALES—*Right of Vendor in a Conditional Sale to Repossess Himself of Property for Failure to Comply with Condition.*—When property is sold upon condition, the title does not pass until the condition is complied with, and the vendor has the right to repossess himself of the property, provided he does so before the rights of innocent third parties intervene.

2. SAME—*Position of a Person Who Has Purchased Property of One Who Has Only an Imperfect Title.*—When a person, without notice of any imperfection of title, has purchased property of one who has only title to it by virtue of a conditional sale, and who has not complied with the condition, such purchaser, as long as the possession of the property remained with his vendor, is liable to have his title defeated by any third party who should purchase without notice, or any creditor who might obtain a lien and levy an execution or an attachment upon the property as the property of such vendor. In such case the vendor at the conditional sale, and the purchaser of the former's vendee, each has a title as against the purchaser at the conditional sale, and each has the right to immediately reduce the property to his possession; this being true, the party who first reduces the property to his actual possession has the better right.

3. SAME—*Vendor May Take Property Back After Notice of Its Sale to a Third Party.*—A vendor at a conditional sale may repossess himself of the property upon condition broken after he has notice that such property has been sold to a third party, as his rights are not acquired after he received notice of the subsequent sale, but his right to take possession, as against his vendor, was reserved to himself by the terms of the conditional sale.

4. APPELLATE COURT PRACTICE—*Assignments of Error Not Argued Are Waived.*—Assignments of error which are not argued in this court will be considered as waived.

Replevin.—Appeal from the Circuit Court of Lee County; the Hon. RICHARD S. FARRAND, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 8, 1903.

I. L. WEAVER and H. A. BROOKS, attorneys for appellant.

J. E. LEWIS and HENRY S. DIXON, attorneys for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action of replevin, commenced by Thomas L. O'Neil against William R. Rogers, to recover the possession of two mules.

On the 19th of September, 1902, William R. Rogers contracted to sell William J. Kelley two mules, for $135 and a mare belonging to Kelley's mother; the $135 was to be secured by a note signed by William J. and his mother, Mrs. Mary Kelley. Several days after the agreement was entered into, Kelley called on Rogers and delivered the mare, and took possession of the mules, with the understanding that the note for $135 would be signed by him

and his mother and delivered to Rogers within a short time, and that the title to the mules was to remain in Rogers until the note was executed and delivered to him.

While the mules were in possession of Kelley, and before the execution of the note for $135, Thomas L. O'Neil made a contract of purchase with Kelley for the mules, and paid Kelley $200 by delivering to him Kelley's notes, which O'Neil held for machinery purchased by Kelley from O'Neil. O'Neil had no notice that Kelley did not have a perfect title to the mules.

At the time the contract of sale was made between O'Neil and Kelley the mules were present, pointed out and designated by the parties, and Kelley agreed to deliver the mules to O'Neil, at his place of business in Sterling, the next day. Kelley did not deliver the mules to O'Neil, in accordance with his agreement, but went to Amboy and sent a letter to O'Neil, excusing himself for not delivering the mules on Saturday, and promising to bring them on the following Monday. The mules were not delivered by Kelley on the following Monday; and Rogers, being advised that William J. Kelley had contracted the mules to O'Neil, went over to Kelley's, and Mrs. Kelley notified him that she would not sign the note with her son, and directed him to take the mules and leave her the mare, which Rogers did, with the consent of Mrs. Kelley and William J.

Rogers and O'Neil met in Sterling a few days later, and O'Neil demanded the mules of Rogers, and he refused to deliver them up, and this suit was commenced before a justice of the peace by O'Neil against Rogers, to recover the possession of the mules. The suit was tried in the Circuit Court of Lee County, resulting in a verdict and judgment in favor of Rogers, and O'Neil brings the case here by appeal, and assigns numerous errors, the most important of which are, that the verdict is against the law of the case, and that the court erred in overruling the motion for a new trial.

Under the evidence, it is clear that the trade between

O'Neil v. Rogers.

Rogers and Kelley was a conditional sale, and that the title to the mules never passed to Kelley because the condition as to the note and security was not complied with; this being true, appellee had the right, upon the failure or refusal of Kelley to furnish the note and security, to repossess himself of the mules, provided he did so before the rights of innocent third parties intervened. Jennings v. Gage et al., 13 Ill. 614; Brundage v. Camp, 21 Ill. 330; VanDuzor v. Allen, 90 Ill. 499; Stock Yard Co. v. Mallory, etc., Co., 157 Ill. 554.

When O'Neil made his contract of purchase with Kelley for the mules and paid the purchase price, he became entitled, as against Kelley, to the property, and might enforce his right by any appropriate action, provided he did so before the rights of any innocent third party intervened.

As long as the possession of the property remained with the vendor, Kelley, O'Neil's title was liable to be defeated by any third party who should purchase without notice, or any creditor who might obtain a lien and levy an execution or an attachment upon the property as the property of Kelley. Thornton v. Davenport, 1 Scam. 296; Thompson v. Yeck, 21 Ill. 73; Allen v. Carr, 85 Ill. 388; Davis v. Bigler, 62 Pa. St. 242.

The appellant and appellee each had a title as against Kelley, and each had the right to immediately reduce the property to his possession; this being true, the party who first reduced the property to his actual possession has the better right. Burnell v. Robertson, 5 Gil. 282; Windmiller v. Chapman, 38 Ill. App. 276; Schweizer v. Tracy, 76 Ill. 345.

It is contended by appellant that, inasmuch as appellee had notice that O'Neil had bought the mules before they were taken back into the possession of appellee, that therefore he took them subject to any rights that O'Neil might have in the property. This contention would be of controlling importance if Rogers had bought the mules, or levied an execution upon them, after he had notice of the fact that O'Neil had bought them and paid for them; but it will be remembered that appellee's rights were not

acquired in this property after he received notice of O'Neil's purchase, but his right to take possession, as against his vendor, and his right to retain the same, was reserved to himself in his trade with Kelley, which occurred long before O'Neil pretends to have made any contract of purchase with Kelley. His right to take possession could not be defeated by notice of a transaction which occurred after his right had accrued.

Appellee, in taking possession of the mules, was not making a new trade, but was simply availing himself of a condition that had been reserved in the original trade that he had made with Kelley; he is not, therefore, affected by notice that O'Neil had purchased the property of Kelley.

While the assignment of errors on the record questions the correctness of the rulings of the trial court as to the admissibility of evidence, and the giving and refusing of instructions, yet appellant, in his brief, has not urged any specific objections in this regard, and it will not, therefore, be necessary to examine these several assignments of error. The instructions in the trial court were in accordance with the law as applicable to the facts in this case.

Finding no error in the record, the judgment of the court below is affirmed.