# JAMES J. MCCARTHY

*v.*

# DAVID LAVASCHE.

1. ESTOPPEL—*to urge unconstitutionality of charter of corporation.* Stockholders who subscribe and organize a corporation under a charter, and reap the benefits of the law, and thereby induce persons to credit the corporation, or make deposits on the faith of its being legally organized, and of the individual liability of its members, will be estopped from alleging that the charter is unconstitutional as a means of avoiding their personal liability as fixed by such charter.

2. SAME—*acts misleading another.* A person doing an act or making a statement which misleads another to his injury, will not be permitted to question the act or the truth of the statement, as against such other person.

3. CORPORATION—*attacking its legality collaterally.* The legality of an incorporation can not be attacked collaterally; and a stockholder, when sued to enforce his individual liability to a creditor of the corporation, is estopped from denying the legality of its organization.

4. SAME—*liability of stockholders to creditors.* Where persons become stockholders of a corporation, even under a charter repugnant to the organic law, which makes them liable for double the amount of their stock, it will operate

as an agreement by each to become liable to creditors of the corporation according to the terms of the charter, and they can not escape individual liability because of the unconstitutionality of the charter, and the creditor may enforce such liability by suit in his own name.

5. Rᴇᴍᴇᴅʏ—*when at law.* Where a statute creates a legal right or liability, and does not determine the forum in which the remedy shall be sought, the remedy will be at law.

6. Sᴀᴍᴇ—*against stockholders of corporation.* Where a charter of a corporation provides that "each stockholder shall be liable to double the amount of stock held or owned by him," this will give a creditor of the corporation a right of action in his own name and at law, against any stockholder, for the recovery of the sum due him, and each stockholder will be severally and individually liable.[*]

7. Aᴄᴛɪᴏɴ—*whether joint or several.* Under a law relating to a corporation, that "each stockholder shall be liable to double the amount of stock held or owned by him, for three months after giving notice of transfers." each stockholder is severally and individually liable to creditors of the company.

Aᴘᴘᴇᴀʟ from the Superior Court of Cook county; the Hon. Jᴏsᴇᴘʜ E. Gᴀʀʏ, Judge, presiding.

Messrs. Gᴏᴜᴅʏ & Cʜᴀɴᴅʟᴇʀ, for the appellant.

Messrs. Sʜᴜꜰᴇʟᴅᴛ & Wᴇsᴛᴏᴠᴇʀ, for the appellee.

Mr. Jᴜsᴛɪᴄᴇ Wᴀʟᴋᴇʀ delivered the opinion of the Court:

The National Loan and Trust Company was organized under an act of the General Assembly, approved on the 9th of March, 1867. Under the provisions of an act adopted and approved the 26th of March, 1872, the corporation changed its name to that of the "Bank of Chicago;" and appellee, being a creditor of the bank, brought an action of debt against appellant for its recovery.

The declaration avers that the corporation was, amongst other things, authorized to borrow money, to receive money

---

[*] Under the act of April 18, 1872, which has no application to corporations for banking, insurance, real estate brokerage and the business of loaning money, a court of law has no jurisdiction in suits by creditors against stockholders. *Richardson et al.* v. *Akin,* 87 Ill. 138.

on deposit, to loan money and make discounts, etc.; that on the 26th of August, 1873, the bank owed, and was and still is indebted to, appellee in the sum of $100, for money received of appellee on deposit; that appellant then was, and still is, a stockholder, and the owner of one share of $100 in the bank; that the bank had become, and still is, utterly insolvent, and that appellant had not assigned or transferred his stock in the bank.

The declaration further avers that the charter of the incorporation contains this provision: "And each stockholder shall be liable to double the amount of stock held or owned by him, and for three months after giving notice of transfer, as hereinafter mentioned;" and that, by virtue of this provision of the act of incorporation, appellant, as such stockholder, was individually liable to the creditor or creditors of the bank in double the amount of the stock held by him, whereby he became liable to pay appellee.

A demurrer was filed to the declaration, which the court overruled, and appellant abided by his demurrer; and the court thereupon rendered judgment in favor of plaintiff, and assessed the damages and rendered judgment for $110.50, and defendant appeals, and assigns errors.

It is urged that the corporation was never legally organized, as the act under which the stockholders incorporated was unconstitutional and void; that if not, then the clause in the charter rendering stockholders liable is too vague to render them liable to the individual creditors of the company; or, if it shall be held that they are so liable, then the remedy is in equity, against all the stockholders.

On the other hand, it is contended that the law does not contravene the constitution; but if it should be so held, the stockholders having organized the corporation, and held themselves out to the world as such, and thereby obtained credit and incurred indebtedness, they are estopped to deny the validity of the act or their organization under it; and that a reasonable and fair construction of the clause of the act quoted

renders the shareholders individually liable to each and every creditor, and that the remedy for a recovery on the liability is complete at law. These are the questions raised and discussed on this record.

Even if the law is unconstitutional, can the promoters and those engaged in its operation be heard to say that they may relieve themselves from liability, and from all their engagements, because the law under which they have acted is prohibited by the organic law? May shrewd, intelligent persons go to the General Assembly and procure an act that they should know is prohibited by the fundamental law, avail themselves of its benefits, obtain the money of the uninformed and the confiding, and then be heard to say, we are not incorporated, our charter and organization are void, and we will hold your money? Or, may those who promoted the enterprise by becoming shareholders, to enable the company to organize, and to procure other people's money, be heard to interpose such a defense? The presumption is, that each subscriber for stock knew at the time of subscription that the charter contained the provision rendering him liable for double the sum he subscribed; and such persons could not but have known that this provision would contribute largely to give credit to the concern and greatly augment its business.

The subscribers for shares of the stock, no doubt, expected to reap large profits, and expected those profits to be greatly enhanced by this provision. It enabled them to point to it and assure individuals and the public that the institution was safe, as, if the business was not lucrative, all the stockholders were severally liable for double the amount of their subscriptions. They thus, no doubt, did increase their business, and thus obtained money and credit, which now, when the institution has proved a failure, they endeavor to avoid paying by urging that their organization, and, consequently, their subscriptions to its stock, were void. Fair dealing would say that they should be estopped from interposing such a defense.

18—89 Ill.

The question is by no means new in the jurisprudence of this country. The question has been frequently considered in the courts, in the form here presented, or in analogous cases. See *Baker* v. *Brannan*, 6 Hill, 47; *Embry* v. *Conner*, 3 N. Y. 511; *Easton* v. *Aspinwall*, 19 id. 119; *Mead* v. *Keeler*, 24 Barb. 25; *Ferguson* v. *Landran*, 5 Bush, (Ky.) 230. These were all cases where the parties were held to be estopped from insisting that the organization was illegal, or a law unconstitutional, because of the acts or consent of the parties urging the objection.

In our own court analogous questions have been presented and determined. In the case of *Tarbell* v. *Page*, 24 Ill. 46, it was held that in a suit by a creditor against a stockholder, the former could not show that the corporation had failed to file a certificate of organization with the Secretary of State; that in a collateral proceeding the regularity of the corporate organization could not be questioned. And this is a rule of uniform application. If, then, the plaintiff, by contracting with a body exercising the franchises of a corporation, is estopped from denying the legality of its organization, the same reason must apply with increased force to prevent a stockholder in such an organization from questioning the legality of the corporation.

That the legality of an incorporation can not be attacked collaterally, see *Rice* v. *Rock Island and Alton Railroad Co.* 21 Ill. 93, *Goodrich* v. *Reynolds et al.* 31 id. 490, and numerous subsequent cases. In fact, the books abound in adjudged cases which hold that a person doing an act or making a statement which misleads another to his injury, shall not be permitted to question the act or the truth of the statement. So, on the same principle, appellant should be estopped, as his acts contributed to the organization of this company, and he held himself out to the world as a stockholder therein, and liable to the extent of double the amount of his subscription. Had the company not been organized, appellee would not have lost his money, and appellant thus contributed to that loss.

In *Ferguson* v. *Landran, supra,* appellants denied the validity of a tax levied under a local law, but the court held they were estopped to deny the validity of the law, because they had approved it and availed of its benefits and aided in procuring its passage. The court held the law unconstitutional, but enforced the tax. The court say, " parties are estopped from denying the constitutionality of a local statute by participating in the procurement of its passage, by ratifying, acquiescing in, or approving it after its passage, and by becoming recipients of benefits under it; and all such persons are held to be liable to the tax authorized by such enactment, although it is unconstitutional and invalid as to all other persons."

Here, appellant approved of the act, and availed himself of its benefits by subscribing for stock and becoming entitled to exercise all the rights and privileges of a stockholder in the corporation. Justice, morality, public policy and precedent all demand that appellant should be estopped from denying the constitutionality of the law. If stockholders might show the law unconstitutional, and their organization void, and all their acts unauthorized, then all persons engaged in the organization of the corporation should be held liable for the consequences of their illegal and unauthorized acts, independent of the clause in their charter. So they should, in no event, escape liability for obtaining money without authority.

Suppose these stockholders had formed a partnership, with articles of partnership containing precisely the same provisions that are contained in their charter, and had put in. capital stock to the same extent, and the same amounts they each subscribed in shares, would any one question the legality of the organization, or the legal liability of each of the members of the firm ? We apprehend these propositions would be conceded. And if so, in principle, what distinction can be taken between the supposed case and the one at bar ? Had the shareholders written under the charter a statement that it was unconstitutional and void as a law, but that they adopted it as articles of partnership, and that each would be bound by its terms

and conditions, and would pay in, for capital stock, the sums set opposite their several names, and they had signed it, and specified the sum to be paid in, could it be doubted that each member would have been liable, under the articles thus executed? And if so, when stripped of mere form, and substance is alone considered, this organization is in effect the same. We can perceive no well grounded distinction. We are therefore of opinion, that, independent of all constitutional questions, each shareholder became liable under the charter as articles of partnership, as it operated as an agreement by each subscriber to be liable to creditors to double the amount each subscribed.

It is urged, that under the language of the third section of the charter, although a liability may be created to double the amount of the stock, still it is to the corporation and not to the creditors. The obvious purpose of the General Assembly was to secure the creditors of the institution. And if so, why make a provision which the creditor could not, and the directors would not, in all probability, enforce? On their refusal the creditor, if that construction is to be given, would be compelled to proceed by *mandamus,* had the law been valid, to compel suits to be brought by the corporation against shareholders, and then in all probability, after years of delay in litigation, to get the money into their hands, a further delay would be liable to ensue until a recovery could be had against the bank and the money realized at the end of long, obstinate and expensive litigation. Such a course could not, we think, have been intended. · Such a requirement would greatly impair if it did not render the security worthless. We must therefore conclude, that as the provision was intended to secure the creditor, it was intended that his remedy should be direct and effective, and that he might sue in his own name and at law.

If this association only amounted to a partnership, as we have seen it was, then the firm could not sue one of its members to compel the payment. Nor do we perceive how the firm could maintain a bill for the purpose. Hence we must

conclude that it was intended that the liability should be direct to the creditor and not to the firm. ˙˙˙ ˙ ˙ ˙ ˙

It is next urged, that the remedy is in equity, and not at law. Actions at law were maintained in the cases of *Culver* v. *Third National Bank,* 64 Ill. 528, and *Corwith* v. *Culver,* 69 id. 502, under a statute creating a liability of the stockholder. It was then urged that the remedy was in equity, but we held that it was a legal liability and could be enforced by an action at law. That statute did not determine, in terms, in which forum the remedy should be sought. But it being a legal right, the remedy was held to be at law.

It is urged, that the liability should be construed to be joint against all the stockholders. To do so would, we think, do violence to the language of the statute·; the language is, "each stockholder shall be liable to double the amount of stock held or owned by him, for three months after giving notice of transfers, as hereinafter mentioned." This language renders the stockholders severally and individually liable.

The judgment of the court below must be affirmed.

*Judgment affirmed.*