White, J.
The Southwestern Transportation and Wharf-■Boat Company was organized in May, 1871, and engaged in business as a corporation, under the act of May 6, 1869. 66 Ohio L. 127.
On December 11, 1873, in a proceeding in quo warranto in this court, the company was ousted from the franchise of being a corporation.
On March 12, 1873, the company in its corporate name executed its promissory note to one of its officers in payment of salary, which the payee endorsed to the defendant in error, the Meader Furniture Company. Prior to the judgment of ouster, the Meader Furniture Company recovered judgment on the note against the maker, in its corporate name of the Southwestern Transportation and Wharf-Boat Company. ■ The *271 assets of the company proving insufficient to satisfy the judgment, the present action was instituted by the judgment creditor, in the superior court, against Charles W. Rowland and others, plaintiffs in error, who were stockholders in the company, to charge them, as partners, with the payment of the balance due on the judgment.
The action was brought under the act of February 27, 1846, “regulating suits by and against companies and partners.” S. & C. 1138. The first section is as follows : “ That any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property within the state of Ohio, and not-incorporated as such, may sue or be sued in any of the courts of this state, by such usual or ordinary name as such company, partnership, or association may have assumed to itself or be known by ; and it shall not be necessary in such case to set forth in the process and pleadings, or to prove at the trial, the names of the persons composing such company.”
The fourth section, provides: “ that if the plaintiff, in any judgment so recovered against a company or partnership, shall seek to charge the individual property of the persons composing such company or firm, it shall be lawful for him to file a petition against the several members thereof, setting forth his judgment and the insufficiency of the partnership property to satisfy the same; and to have a decree for the debt, and an award of execution against all such persons, or any of them, as may appear to have been members of such company, association or firm.”
This statute applies only to unincorporated companies. Neither corporations de jitre, nor de facto are within its provisions. That the Southwestern Transportation and Wharf-Boat Company was, prior to the judgment of ouster, a corporation de facto was held by the commission in Gaff v. Flesher, 33 Ohio St. 115, 453.
The facts in relation to the organization of the company, and of the proceedings in quo warranto whereby it was ousted' from being a corporation, are fully stated in the opinions in that case. Hence they need not here be re-stated. It is suffi *272 cient to say that we are satisfied with the judgment rendered in that case.
The rights of the creditors of the company, and the liabilities of the stockholders in respect to the payment of the creditors were not affected by the judgment of ouster. These rights and liabilities would have been the same, if the proceedings in quo warranto had not been instituted. The fact that their enforcement is sought after, instead of before, the judgment of ouster, does not affect their adjudication on the merits.
Corporations de fado and de jure stand on the same footing as respects their liability to creditors, and the liability of the stockholders of the former, whether arising by statute or on stock subscription, may be enforced for the benefit of creditors, the same as the liability of the stockholders of the latter. McCarthy v. Lavasche, 89 Ill. 270.

Judgment reversed and petition (dismissed.