## Henry Lord Gay v. H. H. Kohlsaat et al.

1. CORPORATIONS—*How Created.*—A corporation can not be constituted by the agreement of parties; it can only be created by or under a legislative enactment.

2. SAME—*Liability of Stockholders, When Illegally Formed.*—When a corporation is illegally formed, its members are liable as partners for its acts or contracts; and all directors, officers and agents, acting and contracting in its name, are personally liable for their acts.

3. ESTOPPEL—*As to Persons Acting as a Corporation.*—Persons who hold themselves out to the public to be a legally organized corporation, and proceed with the business for which they claim to be incorporated by contracting in the corporate name, are estopped to deny the existence of such corporation.

**Suit in Chancery**, to fix the liability of the officers of a corporation under Section 16, Chapter 32, R. S., concerning corporations. Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Judgment for defendant on demurrer to bill; appeal by complainants. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed February 9, 1899.

### STATEMENT.

This is an appeal from a decree sustaining a demurrer to a bill filed by appellant against H. H. Kohlsaat, Stanley Waterloo, A. T. T. Packard, John B. Waldo, Montgomery Gibbs, F. E. Johnson, George Schneider, and the Chicago Press Club Auxiliary Association, and dismissing the bill.

The bill alleges facts showing that everything was done which by the statute is required to be done in order to procure from the Secretary of State a certificate of the complete organization of the "Chicago Press Club Auxiliary Association," and that November 17, 1892, such certificate was issued by the Secretary of State; that the object of the corporation was to construct a suitable building, to include library, reading and assembly rooms, for the proper use of the association; that its capital stock was $1,000, divided into shares of $100 each; that the subscriptions for shares of stock were as follows:

Gay v. Kohlsaat.

| NAMES. | SHARES. | AMOUNT. |
| --- | --- | --- |
| William H. Park, | 1 | $100 |
| Stanley Waterloo, | 1 | 100 |
| W. M. Knox, | 1 | 100 |
| F. E. Johnson, | 1 | 100 |
| A. T. Packard, | 1 | 100 |
| John B. Waldo, | 1 | 100 |
| Geo. Schneider, | 1 | 100 |
| James W. Scott, | 1 | 100 |
| Montgomery Gibbs, | 1 | 100 |
| H. H. Kohlsaat, | 1 | 100 |

August 8, 1892, at a meeting of the stockholders, all of the above named persons were elected directors, some for one year and some for two years then next ensuing, and that H. H. Kohlsaat was elected president, John B. Waldo secretary, and George Schneider treasurer, and that they accepted said offices and entered on the performance of their duties as such officers; that August 18, 1892, at a directors' meeting of said corporation, all of said appellees being present, a resolution was unanimously adopted engaging the complainant to act as the architect and perfect building plans and to have general supervision of the erection of the Press Club building, then contemplated by said corporation, upon terms and compensation of five per cent of the estimated cost of said building; that under this resolution the complainant was duly employed by said corporation, and, in pursuance thereof, he prepared preliminary plans, specifications and designs for said building, and negotiated party walls, and performed other services which were all accepted as satisfactory by the said corporation, with the knowledge and consent of appellees. The cost of the said building was estimated at $125,000, and this was accepted as satisfactory by said corporation with the knowledge and consent of appellees; that the defendants (appellees) assented to the performance by complainant of all of said services and that the same were reasonably worth $5,000; that after complainant's said services had been performed and accepted, and early in the year 1892, and while appellees were act-

ing as the officers and directors of said corporation, and holding it out to appellant and the world as a corporation, he was informed by the corporation that by reason of financial embarrassment, or some other cause, the building would not be constructed; that the corporation had paid to him $1,000, and refused to pay him any more; that the corporation is insolvent, and that there are creditors of the corporation other than complainant, and that the bill is filed on behalf of himself and such other creditors. The bill, also, after averring the filing by J. C. Bundy, Stanley Waterloo and William A. Taylor, of a statement as required by section 2 of the act concerning corporations, in the office of the Secretary of State, and the receipt by them of a license, as commissioners, to open books for subscription to the capital stock, contains the following:

" That upon the receipt of said license to open books of subscription, and the subscription for and of said stock, as aforesaid, and from and after the 18th day of July, 1892, said association assumed and exercised the functions and privileges of a corporation and began and continued to carry out the objects of incorporation enumerated in said statement, and henceforth acted and dealt as a corporation, and was in all respects a corporation in fact, and was managed, treated and held out to the world and to your orator as a corporation by the defendants, and your orator was led by the said defendants and each of them to deal with said Chicago Press Club Auxiliary Association, in the matters hereinafter mentioned, as a corporation in fact and in law, knowing naught to the contrary; and your orator therefore avers that the said Chicago Press Club Auxiliary Association, so far as concerned your orator and the subject-matter of this suit, was, at all times herein mentioned, a stock corporation in fact and in law, within the full meaning and effect of section 16."

The prayer of the bill is for an accounting and a decree against the defendants for the amount of the company's indebtedness in excess of the amount of the capital stock, etc.

KRETZINGER, GALLAGHER & ROONEY, attorneys for appellant, contended that a bill in chancery is the proper method

Gay v. Kohlsaat.

of enforcing the liability under Section 16, Chapter 32, R. S., " Concerning Corporations." Low v. Buchanan, 94 Ill. 76.

This statute is not penal, but remedial, in character. Woolverton et al. v. Taylor et al., 132 Ill. 197. Judgment against the corporation is unnecessary. Id.

Appellees as directors and officers of the Chicago Press Club Auxiliary Association will not be heard in this suit to say that said company was not a corporation. Slocum v. Providence Steam & Gas Co., 10 R. I. 112; Newcomb v. Reed, 12 Allen, 362; Attorney Gen. v. Simonton, 78 N. Car. 57; Hagerman v. O. B. & S. Ass'n, 25 Ohio S. 186; Stone v. East Berkshire Cong. Soc., 14 Ver. 86; Curtis v. Tracy, 169 Ill. 233; Eaton v. Aspinwall, 19 N. Y. 119; Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67; McCarthy v. Lavasche, 89 Ill. 270; U. S. Express Co. v. Bedbury, 34 Ill. 459; Hickling v. Wilson, 104 Ill. 54; Fitzpatrick v. Rutter, 58 Ill. App. 532; R. R. Co. v. Cary, 26 N. Y. 75; Hause v. Manheimer, 69 N. W. Rep. 810.

Prussing & McCulloch, attorneys for appellees.

No certificate of complete organization of the alleged corporation was ever recorded in the office of the recorder of deeds, as required by Secs. 30 and 4 of the act concerning Corporations, Chap. 32, Illinois Revised Statutes.

Until such certificate is recorded there can be no corporation. Secs. 30 and 4, Chap. 32, Ill. R. S.; Loverin v. McLaughlin, 161 Ill. 423; Loverin v. McLaughlin, 46 Ill. App. 373; Ricker v. Larkin, 27 Ill. App. 625; Cresswell v. Oberly, 17 Ill. App. 281; Gent v. Mfrs. & Merchants Mutual Ins. Co., 107 Ill. 652; Bigelow v. Gregory, 73 Ill. 197; Stowe v. Flagg, 72 Ill. 397; Diversey v. Smith, 103 Ill. 378; McCormick v. Market Nat. Bank, 162 Ill. 100; McCormick v. Market Nat. Bank, 165 U. S. 538; Utley v. Union Tool Co., 77 Mass. 139; Richardson v. Pitts, 71 Mo. 128; Hurt v. Salisbury, 55 Mo. 310.

No liability can arise under Sec. 16 of the act concerning corporations unless there is a stock corporation fully organized in compliance with the act of which said Sec. 16 is a part.

Capital stock is no necessary part of a corporation not for pecuniary profit.

The amount of the capital stock of a corporation for pecuniary profit is not fixed until the corporation is completed.

The "assent" contemplated by the statute is assent to the creation of an indebtedness. Lewis v. Montgomery, 145 Ill. 47.

Until the incorporation is completed, no indebtedness in excess of the amount of the capital stock or otherwise can be created.

" That a corporation should have a full and complete organization and existence as an entity before it can enter into any kind of a contract or transact any business, would seem to be self-evident." * * * " As well say a child *in ventre sa mere* may enter into a contract, or that its parents may bind it by contract. A corporation, until organized, has no being, franchises or faculties." Gent v. Manf. & Merchants' Ins. Co., 107 Ill. 658; McCormick v. Market Nat. Bank, 162 Ill. 100; McCormick v. Market Nat. Bank, 165 U. S. 538; Loverin v. McLaughlin, 161 Ill. 423; Loverin v. McLaughlin, 46 Ill. App. 373; Ricker v. Larkin, 27 Ill. App. 625; Cresswell v. Oberly, 17 Ill. App. 281; Bigelow v. Gregory, 73 Ill. 197; Diversey v. Smith, 103 Ill. 378.

While the liability imposed by said Sec. 16 is not penal, "it is like that of a surety, and therefore *stricti juris.*" Lewis v. Montgomery, 145 Ill. 47; Woolverton v. Taylor, 132 Ill. 209.

No such liability of officers or directors exists at common law. It exists only by virtue of the statutes of the sovereignty creating it. When so created, it exists only as created, strictly within the limits of the statute. Knower v. Haines, 31 Fed. Rep. 514; Pollard v. Bailey, 20 Wall. (87 U. S.) 520; Fourth Nat. Bank v. Francklyn, 120 U. S. 756.

No liability arises under said Sec. 16 in cases of incomplete or so-called *de facto* organizations.

A liability is fixed by Sec. 18 of said act for assuming to exercise corporate powers before fully complying with all

the provisions of the act; thus showing that incomplete or so-called *de facto* organizations were not intended to be included within provisions of said Sec. 16. Sec. 18, Chap. 38, Ill. R. S.

A corporation can not be created by estoppel; it is a creation of the State. 2 Morawetz on Corporations, 747, note; Hargrave v. Bank of Ills., 1 Ill. 84 (Beecher's Ed. 122); Stowe v. Flagg, 72 Ill. 397; Bigelow v. Gregory, 73 Ill. 201–202; Oregon Ry. & Nav. Co. v. Oregonian Ry. Co., 130 U. S. 20.

The doctrine of estoppel, attempted to be invoked by complainant, has no application to this case.

" The term estoppel is derived from the French word *estoupe*, whence the English word stopped, and it is called an estoppel, or conclusion, because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." 1 Herman on Estoppel, 1; Coke upon Littleton, 352a.

Its effect is to prevent a showing of certain facts.

In this case the bill itself shows that there was no corporation and therefore there could not be any " amount of the corporate stock " fixed, nor any " indebtedness of any stock corporation" nor any " directors and officers of such corporation assenting thereto."

There is no estoppel when the truth appears. Bigelow on Estoppel (5th Ed.), 361; Herman on Estoppel, Sec. 588, page 722.

"Estoppels are odious and not favored in law." Keith v. Lynch, 19 Ill. App. 577; 1 Herman on Estoppel, 10, Sec. 15.

A corporation can not be created by estoppel. 2 Morawetz on Corporations, 747, note; Hargrave v. Bank of Illinois, 1 Ill. 84 (Beecher's Ed. 122); Stowe v. Flagg, 72 Ill. 397; Bigelow v. Gregory, 73 Ill. 201, 202.

The person who claims the benefit of estoppel must show that he was permissibly ignorant of the truth. Bigelow on Estoppel (5th Ed.), 626.

A person dealing with a corporation or supposed corpora-

·tion must at his peril take notice of the terms of its charter
and·of the provisions of the statute creating it, and of the
authority of its agents or supposed agents.   Morawetz on
Corporations (2d Ed.), Secs. 591, 592, 580; 1 Beach on Cor-
porations, p. 626, Sec. 383; McCormick v. Market Nat.
Bank, 165 U. S. 550; Alexander v. Cauldwell, 83 N. Y. 480.

MR. JUSTICE ADAMS delivered the opinion of the court.

The question is whether the facts alleged in the bill enti-
tle appellant to relief.

Section 16 of chapter 32 of the statutes is as follows: "If
the indebtedness of any stock corporation shall exceed the
amount of its capital stock, the directors and officers of such
corporation assenting thereto shall be personally and indi-
vidually liable for such excess to the creditors of such
corporation."

It is apparent from the bill that at the time the indebt-
edness to appellant was contracted, the Chicago Press Club
Auxiliary Association was not a legally organized corpora-
tion for the purpose of engaging in its contemplated busi-
ness, because its certificate of complete organization was not
issued until about three months after that time, and the con-
tention of counsel for appellee is, that the bill showing, as
it does, that the association was not a corporation *de jure*,
the decree sustaining the demurrer and dismissing the bill
was proper.   On the other hand, counsel for appellant con-
tend that the bill shows that appellees held out to the world
and to him, that the association was a legally organized cor-
poration; that they acted as its officers and directors, and
in its name, and in all respects as if it were a corporation,
and that, by reason of the appellees so acting, appellant
was led to deal with the association as a corporation,·know-
ing nothing to the contrary, and that, under these circum-
stances, the appellees are estopped to say that the associa-
tion was not a legally organized corporation.

Appellees' counsel lay a great stress on the fact that it is
shown by the bill itself that the association was not a *de jure*
corporation, but this is a mere matter of pleading, and we

do not regard it as important, if the bill also avers facts which, if true, would estop the appellees from denying legal organization.

In McCarthy v. Lavasche, 89 Ill. 270, the appellant was sued as a stockholder of a corporation chartered by special act of the legislature, and the plaintiff, in his declaration, set up the clause of the charter imposing liability on stockholders. The act was, therefore, before the court by virtue of the plaintiff's pleading, and if unconstitutional, this was apparent from plaintiff's pleading, of which the act, by reference, was a part; yet the court held that the defendant, having subscribed for stock in the corporation, was estopped to question the constitutionality of the act, even though it was unconstitutional, and he was held liable. In United Growers Co. v. Eisner, 47 N. Y. Supp. 906, which was also a suit against a stockholder, it was objected that it *affirmatively* appeared that the company was not properly incorporated, notwithstanding which, the court held that the defendant was estopped by his acts from defending on that ground.

In Merrick v. Reynolds E. & G. Co., 101 Mass. 381, the company was sued as a corporation. It affirmatively appeared in a stipulation of facts on which the suit was tried, that the company, at the time of making the contract sued on, had not complied with a statutory requirement, compliance with which was made by the statute a condition precedent to commencing business; yet the court held the company liable on the principle of estoppel. Suppose that the bill in the present case, by way of anticipation of appellees' defense, had charged or averred that the defendants would claim that, at the time of contracting with complainant, as stated in the bill, its certificate or complete organization had not been issued, and therefore it was not a legally organized corporation, but that, conceding the same to be true, defendants should not be heard to make such defense, because, etc. (averring facts which would estop them): this would be proper pleading, and in accordance with the precedents (1 Dan. Ch. Pr. & Pl. 373; Puter-

baugh's Ch. Pl. & Pr. 55–56), and would not preclude the complainant from relying on the estoppel. Instead of so pleading, the appellant has merely averred the facts, which, although, perhaps, less formal, does not change the substance of the matter, and a court of equity looks to substance rather than form. Beach's Mod. Eq. Juris., Sec. 7; 1 Pomeroy's Eq. Juris. 263.

The association was fully organized as a corporation when it had complied with the statutory requirements prerequisite to the issuance of its certificate of complete organization. Had it not been, the certificate could not have been issued. It had a regularly elected board of directors and regularly elected officers, and proceeded in the usual way to accomplish one of the objects of its incorporation, viz., " to construct a suitable building," and, as reasonably if not necessarily incidental thereto, to employ an architect to prepare plans for and supervise the erection of the building. Appellees held out to the public and to appellant that it was a legally organized corporation, by proceeding with the business for which it was incorporated, and by contracting in the corporate name. Had the association sued appellant in the corporate name for a breach of his contract, he, having dealt with it as a corporation, would have been estopped to deny its corporate existence, and appellees are equally estopped to so deny. McCarthy v. Lavasche, 89 Ill. 270; Bushnell v. Consolidated I. M. Co., 138 Ib. 67; Curtis v. Tracy, 169 Ib. 233; U. S. Express Co. v. Bedbury, 34 Ib. 459, 467; Tarbell v. Page, 24 Ib. 46; Swartwout v. Railroad Co., 24 Mich. 389.

In Loverin v. McLaughlin, 161 Ill. 417, the court quotes with approval this language from Beach on Priv. Corp.: " If a corporation be illegally formed, its members or stockholders are liable as partners for its acts or contracts; and directors, officers and agents, acting and contracting in its name, are personally liable."

The decree will be reversed and the cause remanded.