## M. E. Eggert v. E. L. Cleveland.

## Gen. No. 13,599.

1. CORPORATIONS—*what corporate property with respect to creditors.* *Held,* under the facts of this case, the transfer of corporate property was colorable, and that the same was, with respect to creditors, the property of the corporation, subject to the payment of its debts.

2. CORPORATIONS—*what creates estoppel to deny corporate existence.* Where parties interested have treated an organization as constituting a corporation, and have dealt with it as a corporation, and have so held it out to the world, an estoppel to deny its corporate existence arises.

3. FINDING OF COURT—*when not disturbed as against the evidence.* A finding by the court upon the facts will not be reversed where the weight of the evidence clearly admissible is sufficient to sustain the finding complained of.

4. "BULK GOODS ACT"—*when does not apply.* *Held,* under the facts in this case, that what is known as the "Bulk Goods Act," in force July 1, 1905, had no application.

Trial of right of property. Appeal from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed January 27, 1908.

FREDERICK K. WARNE and F. M. WILLIAMS, for appellant.

ISAAC E. KORN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The trial in the County Court involved the title to certain property levied upon by a bailiff of the Municipal Court of Chicago under a judgment of appellee against the Independent Cracker Machine Co., a corporation, and was the statutory trial of the right of property.

The judgment was obtained by appellee before a late Cook county justice of the peace November 12, 1906, for $149.42. The trial was before the court, without the intervention of a jury, and the finding and judgment of the court was in favor of appellee. It is argued by appellant that the judgment is contrary to the weight of the evidence and that the court erred in not holding as the law a certain proposition, hereafter referred to, tendered by appellant and refused by the court.

Appellant Eggert claims to have bought the property levied upon of one Robert McCall on December 22, 1906, taking a bill of sale therefor, which recited a consideration of $300 and other good and valuable considerations, which the proof shows was 720 acres of land in Wisconsin, and which was contracted to be conveyed to Eggert at an expressed consideration of $1; the actual value of which, if any it had, does not sufficiently appear. The land was never seen by Eggert or the title examined in his interest. The Independent Cracker Machine Company was incorporated under the laws of this state in the year 1895, to manufacture and sell cracker-making machines. Robert McCall was a director and the treasurer of the company and one of its incorporators. Anderson, another incorporator, worked for the company and at times acted as its president. McCall testifies that "two or three weeks after 1896" he sold out his interest to G. L. Luce; that he continued to work for Luce as general manager until April 29, 1905, when he bought the property from Luce, who retired from the busi-

ness. McCall testifies that he ran the business in the name of the Independent Cracker Machine Company, and that he made all purchases and sales in its name. The name of the company was continued on the door after the sale the same as before, and no change was ever made in the stationery used. McCall further testifies that he paid Luce $1,000 in cash and $4,000 in notes for the property which he bought from him, and the bill of sale recites that the business sold was known as that of The Independent Cracker Machine Company. The lease of the premises was also in the name of this company. Eggert took no part in the running of the business, but one Bert McCall, a son of Robert McCall, who theretofore had been foreman, was kept in charge. The Independent Cracker Machine Company appeared by attorney in several suits—among others, one in the Superior Court to the January term, 1907, at the suit of appellee. The claim of the Reeves Pulley Company against The Independent Cracker Machine Company was paid through attorneys who had it for collection January 4 or 5, 1907, such claim being for goods sold it August 5, 1906. The company also had a bank account with the Prairie State Bank, which was closed December 22, 1906. Checks on this account were signed by Robert McCall as treasurer.

It is clear from the foregoing recital that the transactions by which The Independent Cracker Machine Company sought to divest itself of its property were colorable only and mere pretenses made in an attempt to avoid the payment of its debt to appellee and others of its trade creditors. There were no visible signs of change of ownership. The corporate name was preserved in the same manner after as before these pretended sales. The bank account was kept in the same manner and the money checked out by the same person as treasurer. The dealings, in every way, both in sales and purchases, were the same. Goods were billed and accounts were paid in the name of The Independent Cracker Machine Company. The manage-

Eggert v. Cleveland.

ment was also by the same person.  As far as Eggert was concerned, the sale is baldly a subterfuge, of which the inadequacy of the consideration is strong presumptive evidence.  Besides, Eggert knew nothing about the business and was not a man of capital seeking investments.  He was a real estate agent.

It is not of controlling importance whether The Independent Cracker Machine Company was a corporation or not, or whether, if it ever was one, its charter had been forfeited by the state, or whether or not such forfeiture, if made, was as a matter of law effectual to divest it of its corporate character.  All the parties interested treated it and dealt with it as a corporation, and so held it out to be to the world.  This estops the parties from now denying it to be what they held it out to be, or to escape the payment of debts contracted in faith of the verities of the appearances so produced.  Gay v. Kohlsaat, 80 Ill. App. 178.

During the time appellee gave credit to the company, it was, to all outward appearances, the proprietor of and conducting the business in the same manner as it did when first organized.  The credit was evidently given in faith of the apparent ownership.  Between such creditors and the persons responsible for permitting the deceptive condition to exist, the property will be treated as that of the debtor.  The law in such cases protects the rights of innocent third parties.  Orr v. Gilbert, 68 Ill. App. 429.

The possession of the property had not changed, and the policy of the law in this state does not encourage the owner to sell it and then continue in possession of it, as possession is one of the strongest evidences of title to personal property.  In the condition of the evidence it is not necessary to our decision to determine the correctness or not of the court's ruling in the admission as evidence of conversations between the bailiff and McCall out of the presence of appellant after the levy was made.  Excluding such testimony, there is an abundance of proof that, as to existing

creditors, the sale to Eggert was fraudulent, and that the preceding sales between Luce and McCall were mere pretenses and not *bona fide.*

There being no jury, this court will not reverse the decision of the trial judge where the weight of the evidence, clearly admissible, is sufficient to sustain the finding complained of.

The court, we think, properly refused to hold that the statute in force July 1, 1905, colloquially known as the "Bulk Goods Act," was applicable to the facts in this case. We cannot see that it has any application.

The judgment of the County Court is affirmed.

*Affirmed.*